626 P.2d 854

**NEW MEXICO BOARD OF PHARMACY, Appellant,**

v.

**NEW MEXICO BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, Appellee.**

**No. 4619.**

Court of Appeals of New Mexico.

· March 3, 1981.

Frank P. Dickson, Jr., Dickson & Dubois, P. A., Albuquerque, for appellant.

Jeff Bingaman, Atty. Gen., Andrea B. McCarty, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HERNANDEZ, Chief Judge.

This appeal arises out of the adoption of the following rule by the New Mexico Board of Osteopathic Medical Examiners:

> Article XIV, § M. Prescriptions for controlled substances.
>
> 1. An osteopathic physician may delegate to a physician's assistant the authority to prescribe any drugs controlled by the Schedules II through V, of the New Mexico Controlled Substances Act, provided that the physician's assistant has worked for the supervising physician for at least 6 months. Such delegations may be for all drugs in Schedules II through V, or only for certain drugs, or only for drugs in one or more of the Schedules.

The authority of the Osteopathic Board to issue rules and regulations is set forth in Section 61–10–5(D), N.M.S.A.1978 (1980 Cum.Supp.), which recites in pertinent part:

> The board shall have and use a common seal and is authorized to make and adopt all necessary rules and regulations relating to the enforcement of the provisions of Chapter 61, Article 10, NMSA 1978.

The appellant contends that the Osteopathic Board does not have the authority to issue such a rule. We agree. The standard for appellate review is set forth in Section 61–1–31(C), N.M.S.A.1978 of the Uniform Licensing Act:

> Upon appeal, the court of appeals shall set aside the regulation only if found to be:

> (1) arbitrary, capricious or an abuse of discretion;
>
> (2) contrary to law; or
>
> (3) against the clear weight of substantial evidence of the record.

Section 30–31–18(A) and (C), N.M.S.A. 1978 of the Controlled Substances Act provide:

> A. No controlled substance listed in Schedule II which is a prescription drug as determined by the federal food and drug administration, may be dispensed without a written prescription of a practitioner, unless administered directly to an ultimate user. No prescription for a Schedule II substance may be refilled. No person other than a practitioner shall prescribe or write a prescription.
>
> . . . .
>
> C. A controlled substance included in Schedule III or IV, which is a prescription drug as determined under the New Mexico Drug and Cosmetic Act ... shall not be dispensed without a written or oral prescription of a practitioner, except when administered directly by a practitioner to an ultimate user. The prescription shall not be filled or refilled more than six months after the date of issue or be refilled more than five times, unless renewed by the practitioner and a new prescription is placed in the file. Prescriptions shall be retained in conformity with the regulations of the board.

Section 30–31–12(A) of the Act provides:

> A. Every person who manufactures, distributes or dispenses any controlled substance or who proposes to engage in the manufacture, distribution or dispensing of any controlled substance must obtain annually a registration issued by the board in accordance with its regulations. Registration of practitioners, however, may be obtained annually from the practitioners' respective examining and licensing authorities pursuant to regulations promulgated by the board and on forms supplied by the board. Copies of all registrations shall be provided to the board by all such examining and licensing authorities at such time as registration is

initiated. Practitioners whose examining and licensing authorities do not elect to obtain registration of their own licensees, as provided in this subsection, shall be registered directly by the board.

Sections 30–31–2(H) and (I) of the Act provide:

H. "dispense" means to deliver a controlled substance to an ultimate user or research subject pursuant to the lawful order of a practitioner, including the administering, prescribing, packaging, labeling or compounding necessary to prepare the controlled substance for that delivery;

. . . .

I. "dispenser" means a practitioner who dispenses and includes hospitals, pharmacies and clinics where controlled substances are dispensed; . . . .

Section 61–10A–6(C), N.M.S.A.1978 (1980 Cum.Supp.), provides:

The board [Board of Osteopathic Medical Examiners] may adopt and enforce reasonable rules and regulations:

C. for the purpose of carrying out all other provisions of the Osteopathic Physicians' Assistants Act [61–10A–1 to 61–10A–7 NMSA 1978].

Provided, however, *the board shall not adopt any rule or regulation allowing an osteopathic physician's assistant to dispense dangerous drugs*, to measure the powers, range or accommodative status of human vision, diagnose vision problems, prescribe lenses, prisms, vision training or contact lenses or fit contact lenses. This paragraph shall not preclude vision screening; and provided further, the board shall not adopt any rule or regulation allowing an osteopathic physician's assistant to perform diagnosis or medical, surgical, mechanical, manipulative or orthopedic treatment of the human foot. [Emphasis added.]

The appellant maintains that the word "dispense" as it pertains to "controlled substances" encompasses the act of prescribing. Appellee's position is that the prohibition against a rule permitting a physician's assistant to "dispense" dangerous drugs does not preclude a rule permitting a physician's assistant to "prescribe" dangerous drugs.

At the outset we note that § 61–10A–6(C) was enacted in 1979, whereas the Controlled Substances Act was enacted in 1972. The legislature is presumed to have enacted law with existing law in mind. *State v. Trivitt*, 89 N.M. 162, 548 P.2d 442 (1976). Section 61–10A–6(C) prohibits dispensation only of "dangerous drugs" by physician's assistants; however, this court has the duty to construe a statute so as to render it consistent with previously enacted statutes, if that is possible. *State v. New Mexico State Authority*, 76 N.M. 1, 411 P.2d 984 (1966). The Controlled Substances Act is a comprehensive statute designed to enable the State to try to control the drug abuse problem. It specifies, with considerable particularity, who can dispense controlled substances which have a potential for abuse. To adopt appellee's position would constitute an impermissible enlargement of the class of persons authorized by the Act to dispense these substances, whether "dangerous" or not. Nothing in the language of § 61–10A–6(A) shows a legislative intent to permit such a result. Quite the contrary, the following language in subsection (C) of that section unequivocally shows the intention of the legislature: " . . . the board shall not adopt any rule or regulation allowing an osteopathic physician's assistant to dispense dangerous drugs . . . ."

An administrative agency has no power to create a rule or regulation that is not in harmony with its statutory authority. *Public Service Co. v. N. M. Environmental Improvement Board*, 89 N.M. 223, 549 P.2d 638 (Ct.App.1976).

Accordingly, the petition to set aside Article XIV, § M of the rules of the New Mexico Board of Osteopathic Medical Examiners is granted, because the rule is not in accordance with law.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.