641 P.2d 495

**In the Matter of the FAMILY DENTAL CENTER OF NEW MEXICO, P. C., and Kenneth Bundy, D.D.S., Petitioners-Appellees and Cross-Appellants,**

**and**

**Before the Board of Dentistry of the State of New Mexico, in the Matter of the Albuquerque Dental Center, David D. Dalise, D.D.S., Joseph Michael, D.D.S., Alan Duhon, D.D.S., and Robert Ryan, D.D.S., Petitioners-Appellees and Cross-Appellees,**

**v.**

**NEW MEXICO BOARD OF DENTISTRY, Respondent-Appellant and Cross-Appellee.**

**No. 13630.**

Supreme Court of New Mexico.

Feb. 17, 1982.

Rehearing Denied March 5, 1982.

Jeff Bingaman, Atty. Gen., Andrea B. McCarty, Asst. Atty. Gen., Santa Fe, for respondent-appellant and cross-appellee.

Turner W. Branch, Stephen P. Michael, Albuquerque, for petitioners-appellees and cross-appellees Dalise, Michael, Duhon and Ryan.

David A. Grady, Albuquerque, for petitioner-appellee and cross-appellant Bundy.

## OPINION

SOSA, Senior Justice.

This is an appeal by the New Mexico Board of Dentistry (Board) from the district court's reversal of the Board's decision to suspend, for six months, the licenses of Dr. Bundy of the Family Dental Center (FDC appellee) and Drs. Dalise, Michael, Duhon and Ryan of the Albuquerque Dental Center (ADC appellees). We reverse the district court.

The Board conducted disciplinary hearings involving the above-named licensees and found, *inter alia*, that they had permitted unlicensed persons to practice dentistry in violation of § 61–5–3(A), N.M.S.A.1978 (Repl.Pamp.1981), and that certain dentistry services performed by the unlicensed persons were not performed under the direct supervision of a licensed dentist as required by § 61–5–20(B), N.M.S.A.1978 (Repl.Pamp.1981), and Section 1201 of the Amendments to the Rules and Regulations of the New Mexico Board of Dentistry (adopted November 9, 1973). The licensees appealed the Board's decision to the district court; the two cases were consolidated. The district court reversed the Board on the bases that the Board's findings and conclusions were not supported by substantial evidence and that Section 1201 of the Board's rules and § 61–5–20(B) are vague and indefinite because they fail to define "direct supervision." The Board appeals this decision. We reverse the district court and affirm the Board.

Numerous issues were raised on appeal. We find one to be dispositive of the others. Appellee Bundy raises other issues on cross-appeal. Upon careful consideration, we find them to be without merit. The only issues to be discussed are whether the district court erred in concluding that the Board's findings were not supported by substantial evidence and that the Board's conclusions were arbitrary and capricious.

■ In passing on the Board's decision, the district court sat as a court of review and, as such, was bound by the same standard for review of the Board's record as any appellate court. *See* § 61–1–20, N.M.S.A.1978 (Repl.Pamp.1981). Thus, the district court was bound to uphold the Board's findings if they were supported by substantial evidence, regardless of whether the district court might have found otherwise or might have believed different witnesses.

"Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and if there is such evidence in the record to support a finding, it will not be disturbed. [Citation omitted.] Moreover, in examining such evidence an appellate court will view the evidence in a light most favorable to the prevailing party below and will not disturb findings, weigh evidence, resolve conflicts, or substitute its judgment as to the credibility of witnesses where evidence substantially supports the findings of the [trier of fact]. [Citation omitted.]

*Den-Gar Enterprises v. Romero*, 94 N.M. 425, 429, 611 P.2d 1119, 1123 (Ct.App.), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980).

■ Upon a thorough review of the record, we conclude that the Board's finding of the unlicensed practice of dentistry was supported by substantial evidence. The Board found that Dr. Bundy's unlicensed dental assistant, Phyllis Trujillo, took the final impressions for dentures for one of Bundy's patients, inserted the wax try-ins, and fitted and adjusted the dentures. The Board also found that two unlicensed dental assistants, Barney Roybal and Cathy Funk, employees of the Albuquerque Dental Cen-

ter, took final impressions for dentures for three of that Dental Center's patients. Both Trujillo and Roybal testified that they took the final impressions and made adjustments on the dentures. Dr. Dalise testified, and the Albuquerque Dental Center's records indicate, that Funk took the final impressions for one of Dr. Dalise's patient's dentures. These admissions support the Board's finding that these unlicensed assistants performed these dental services. There is also evidence that these assistants made adjustments to patients' dentures when patients came in complaining of irritation to their gums caused by the dentures furnished by both ADC and FDC appellees. The patients testified that they never saw a dentist, and that the only people who worked on their dentures were the assistants.

Next, the district court found that the Board arbitrarily and capriciously concluded that the dental services performed by the unlicensed assistants constituted the practice of dentistry under §§ 61–5–2 and 61–5–20(B), N.M.S.A.1978 (Repl.Pamp.1981). We disagree.

Section 61–5–2 defines the "practice of dentistry" as:

(1) the diagnosis, *treatment*, correction, change, relief, prevention, prescription of remedy * * * *for any* disease, *pain,* * * * *lesion* or other physical condition of human teeth, gums, jaws, oral cavity or adjacent tissues by an individual * * *

\* \* \* \* \* \*

(3) with specific reference to the teeth, gums, jaws, oral cavity or adjacent tissues * * * for an individual * * * to:

\* \* \* \* \* \*

(b) diagnose or *treat any* condition, disease, *pain*, deformity, deficiency, injury, *lesion* or other physical condition;

(c) correct a malposition;

\* \* \* \* \* \*

(f) replace missing anatomy with an artificial substitute;

(g) construct, make, furnish, supply, reproduce, alter or repair an artificial substitute or restorative or corrective ap-

pliance, * * * or place an artificial substitute or restorative or corrective appliance in the mouth or attempt to adjust it; * * [Emphasis added.]

Section 61–5–20 sets forth an exemption as follows:

Nothing in the Dental Act [61–5–1 to 61–5–9, 61–5–11 to 61–5–22 NMSA 1978] shall be construed to prohibit:

\* \* \* \* \* \*

B. an unlicensed person from performing for a licensed dentist merely mechanical work upon inert matter in the construction, making, alteration or repairing of any artificial dental substitute, dental restorative or corrective appliance, *when the casts or impressions for such work have been furnished by a licensed dentist* and where the work is directly supervised by the dentist * * * * [Emphasis added.]

Appellees argue that, even though their unlicensed assistants performed such dental services as taking the impressions and adjusting dentures, all work was directly supervised by a dentist, and therefore did not constitute the practice of dentistry. This argument is erroneous because the statute very clearly states that a licensed dentist must furnish the impressions before an unlicensed assistant can perform "merely mechanical work upon inert matter." In addition, these assistants treated the patients who complained that their gums were sore and bleeding; this clearly falls within § 61–5–2(A)(1) and (A)(3)(b). One assistant testified that she attempted to correct one of the patient's bites, which falls within "malpositioning" under § 61–5–2(A)(3)(c). The fact that the appellees may have directly supervised their unlicensed assistants during the performance of these dental services is immaterial, since § 61–5–20(B) requires both that the dentist furnish the impressions *and* that the dentist directly supervise the assistants' work. There is substantial evidence to support the Board's finding that the doctors did not furnish the impressions; as such, the Board's conclusion that the performance of these dental serv-

ices constituted the practice of dentistry is not arbitrary or capricious.

Appellees argue that, since Section 1201 of the Board's rules allows unlicensed persons to perform "any dental service so long as such service is performed under the direct supervision of a [licensed] dentist," the work performed by these dental assistants is permissible as long as it is supervised. If an agency, to whom the Legislature has delegated authority to promulgate rules and regulations within the guidelines set by the Legislature, promulgates rules which are broader than the guidelines set by the Legislature, the agency rules must yield to the guidelines. *See State v. Ashby*, 73 N.M. 267, 387 P.2d 588 (1963). Here, Section 1201 is seemingly broader than §§ 61–5–2 and 61–5–20(B); it, therefore, must yield to the statute. The Board cannot allow unlicensed persons to perform services which, under the statute, constitute the practice of dentistry.

Inasmuch as we have found that the Board correctly concluded that appellees allowed unlicensed persons to practice dentistry in violation of § 61–5–3(A), we need not determine whether the statute and the Board's rules are void for vagueness because of their failure to define "direct supervision." The statute clearly prohibits unlicensed persons from performing certain dental services, with or without the direct supervision of a licensed dentist.

For the foregoing reasons, the district court is reversed and the New Mexico Board of Dentistry decision is affirmed. The case is remanded to the district court for the purpose of entering judgment affirming the New Mexico Board of Dentistry. Each party shall bear his own costs.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.