686 P.2d 934

Petra B. RIVAS and Jo Etta New,
Petitioners-Appellees,

v.

BOARD OF COSMETOLOGISTS of the
State of New Mexico,
Respondent-Appellant.

No. 15288.

Supreme Court of New Mexico.

July 23, 1984.

Rehearing Denied Aug. 30, 1984.

Paul Bardacke, Atty. Gen., James C. McKay, Asst. Atty. Gen., Santa Fe, for appellant.

Charles W. Cresswell, Stephen A. Hubert, Las Cruces, for appellee New.

Stephen Bridgforth, Las Cruces, for appellee Rivas.

## OPINION

FEDERICI, Chief Justice.

Petitioners Petra B. Rivas and Jo Etta New brought this action in the District Court of Dona Ana County appealing the decision of the respondent Board of Cosmetologists (Board) denying New's application for a license to practice cosmetology and suspending Rivas' ownership license. The district court reversed. The Board appeals. We affirm.

The issue on appeal is whether the Board, in repealing one of its regulations, failed to follow correct statutory procedure, thereby both nullifying the repeal of the regulation and denying both New and Rivas due process.

**Rulemaking.**

■■■ Petitioners contend that in repealing Rule 106, the Board did not conform to statutory requirements. An administrative agency has no power to create a rule or regulation that is not in harmony with its statutory authority. *New Mexico Board of Pharmacy v. New Mexico Board of Osteopathic Medical Examiners*, 95 N.M. 780, 626 P.2d 854 (Ct.App.1981); *Public Service Co. of New Mexico v. Environmental Improvement Board*, 89 N.M. 223, 549 P.2d 638 (Ct.App.1976). The Legislature can delegate legislative powers to administrative agencies but in so doing, boundaries of authority must be defined and followed. In New Mexico, action taken by a governmental agency must conform to some statutory standard, *State ex rel. Lee v. Hartman*, 69 N.M. 419, 367 P.2d 918 (1961), or intelligible principle, *State Park & Recreation Commission v. New Mexico State Authority*, 76 N.M. 1, 411 P.2d 984 (1966).

The rulemaking amendments to the Uniform Licensing Act, NMSA 1978, Sections 61-1-1 through 33 (Repl.Pamp.1981) extend all required procedures to the repeal of regulations. NMSA 1978, § 61-1-29. "No regulation or amendment or repeal thereof shall be adopted by the board until after a public hearing by the board." NMSA 1978, § 61-1-29(B). Moreover, additional notice is encouraged for licensees. "The board shall make reasonable efforts to give notice of any rulemaking proceeding to its licensees and to the members of the public. Notice * * * shall be given at least thirty days prior to the hearing date. * * * [And] shall also state where interested persons may secure copies of any proposed regulations." NMSA 1978, § 61-1-29(C).

Regulation 106 would have granted New a cosmetology license under reciprocity considerations and, by custom, would have protected Rivas from a charge of having employed an unlicensed cosmetologist.

The Board of Cosmetology was engaging in its rulemaking capacity when it repealed Regulation 106. In denying New a cosmetology license and suspending Rivas' ownership license, the Board was performing a quasi-judicial function. The issue before us on appeal is whether the action of the Board in repealing Regulation 106 complied with statutorily conferred authority.

■■■ When repealing a regulation an agency must conduct a hearing, if required by statute, *Bi-Metallic Investment Co. v. State Board of Equalization of Colorado*, 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372 (1915), within the area of the state which the action concerns. *See New Mexico Municipal League, Inc. v. New Mexico Environmental Improvement Board*, 88 N.M. 201, 539 P.2d 221 (Ct.App.), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975), at which data, views or arguments may be submitted to the agency by any interested person. NMSA 1978, § 12-8-4(A)(3). Only when public welfare, health or safety is endangered or when the public interest would not be served, can the Board proceed without a hearing. NMSA 1978, § 12-8-4(B).

**Notice**

■■■ Agencies are required to give notice of proposed action regarding the adoption, amendment or repeal of any rule. All interested parties must be given the oppor-

tunity to present data, views, arguments and witnesses. NMSA 1978, § 12–8–4(A). Furthermore, if the agency adopts or repeals a contested rule, a concise statement of rationale must be issued by the agency. *Id.* Also, it is required that the record disclose the Board's reasoning and the basis on which it adopted the regulation. *Bokum Resources Corp. v. New Mexico Water Quality Control Commission*, 93 N.M. 546, 603 P.2d 285 (1979).

■ Due process generally requires that affected parties receive reasonable notice. *Bell Telephone Co. of Pennsylvania v. Federal Communications Commission*, 503 F.2d 1250 (3d Cir.1974), *cert. denied*, 422 U.S. 1026, 95 S.Ct. 2620, 45 L.Ed.2d 684 (1975); *Mobil Oil Corp. v. Federal Power Commission*, 483 F.2d 1238 (D.C.Cir.1973). Case law suggests that "the minimum protections upon which administrative action may be based, [are] according to interested parties a simple notice and right to comment." *Mobil Oil*, 483 F.2d at 1253.

**Filing of Regulation by Board**

■ Furthermore, no rule, or repeal thereof, is effective until it has been filed with the State Records Administrator. NMSA 1978, § 14–4–5. The Board failed to file the repeal with the State Records Administrator.

In a recent New Mexico case, because the Museum of New Mexico failed to file its regulatory changes with regard to trespass, a trespass conviction was reversed. *State v. Joyce*, 94 N.M. 618, 614 P.2d 30 (Ct.App.1980). There, the failure to file its changes in accordance with certain provisions of the State Rules Act, found at NMSA 1978, Sections 14–4–2, 14–4–4 and 14–4–5, rendered its new policy unenforceable for lack of compliance with the procedural requirements. In the instant case, the regulatory changes made by the Board were unenforceable. The fact that New filed her application after the Board repealed Regulation 106 is of no consequence, since the repeal by the Board was a nullity by virtue of the Board's failure to

file the repeal with the State Records Administrator.

**Court's Power of Review**

The district court may review the decision of the Board and reverse the Board's action if it is "in excess of the statutory authority or jurisdiction of the board; or made upon unlawful procedure; or affected by other error of law." NMSA 1978, § 61–1–20 (Repl.Pamp.1981).

Standards for appellate review of regulations as set forth at NMSA 1978, Section 61–1–31(C) (Repl.Pamp.1981) of the Uniform Licensing Act, provide that:

C. Upon appeal, the court of appeals shall set aside the regulation only if it is found to be:

(1) arbitrary, capricious or an abuse of discretion;

(2) contrary to law; or

(3) against the clear weight of substantial evidence of the record.

This principle is equally applicable to the repeal of regulations by an administrative agency. In this case, the Board failed to (1) comply with the repeal procedure of the statute in failing to give notice to interested parties and to hold a hearing prior to taking action; and (2) failed to file the record of its regulatory proceedings with the State Records Administrator. The action of the Board was therefore contrary to law and the repeal of Regulation 106 is invalid.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent and disagree with the majority's application of the Administrative Procedures Act, NMSA 1978, Sections 12–8–1 to –25, to the facts of this case. The majority incorrectly determines that the action of the Board was contrary to law and that the

repeal of Regulation 106 of the Regulations Governing Cosmetology is invalid.

While it was appellee New's contention that she had the training and work experience necessary to qualify under Regulation 106 as a licensed cosmetologist, by the time New applied for a license, the Board had properly decided to treat Regulation 106 as a nullity. On the advice of counsel, the Board at its June 1, 1981 meeting determined that Regulation 106 had no legal effect since it exceeded the statutory provisions governing reciprocity provided in NMSA 1978, Section 61–19A–11(A)(3) (Repl. Pamp.1981).

When a regulation provides for broader authority than contemplated by a statute, then the regulation will be treated as a nullity. *State v. Ashby*, 73 N.M. 267, 387 P.2d 588 (1963). This Court in *Ashby*, 73 N.M. at 271, 387 P.2d at 590, stated:

> A regulation adopted by an administrative agency creating an exemption not contemplated by the act or included within the exemption specified therein is void (citations omitted).

An administrative agency has no power to create a rule or regulation that is not in harmony with the statutory authority. *See New Mexico Board of Pharmacy v. New Mexico Board of Osteopathic Medical Examiners*, 95 N.M. 780, 626 P.2d 854 (Ct. App.1981). Moreover, it is well settled that if the Legislature has delegated authority to an agency to promulgate rules and regulations within guidelines set by the Legislature and the agency establishes rules which are broader than the guidelines set by the Legislature, then the agency rules must yield to the legislative statute. *Family Dental Center of New Mexico, P.C. v. New Mexico Board of Dentistry*, 97 N.M. 464, 641 P.2d 495 (1982); *Jones v. Employment Services Division*, 95 N.M. 97, 619 P.2d 542 (1980).

In the present case, the Board properly determined that Regulation 106 was in conflict with Section 61–19A–11(A)(3). The Board merely acted to withdraw Regulation 106 because the regulation was impermissibly broad in granting reciprocity, when the governing statute was drawn more narrowly. The Board therefore properly treated Regulation 106 as being void or invalid. *See Family Dental Center of New Mexico, P.C. v. New Mexico Board of Dentistry.*

The Board correctly decided that New could not rely on Regulation 106 to become a licensed New Mexico cosmetologist. Moreover, appellee Rivas was properly found to have employed New illegally, and the subsequent suspension of her owner's license by the Board should be sustained. Here, the administrative agency properly heard the evidence and reached a decision based upon the facts presented. The district court is obligated to sustain the judgment of the administrative agency because of the particular expertise of the agency, provided the decision is founded upon substantial evidence. *See Viking Petroleum, Inc. v. Oil Conservation Commission*, 100 N.M. 451, 672 P.2d 280 (1983); *Toltec International, Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980).

For the foregoing reasons, the decision of the Board should be sustained, and the decision of the district court should be reversed.