738 P.2d 1318

**The NEW MEXICO PHARMACEUTI-
CAL ASSOCIATION,
Plaintiff-Appellant,**

v.

**STATE of New Mexico and The New
Mexico Board of Medical Examiners,
Defendants-Appellees.**

**No. 16434.**

Supreme Court of New Mexico.

July 6, 1987.

Stratton & Barnett, Harold D. Stratton, Jr., Mickey D. Barnett, Albuquerque, for plaintiff-appellant.

Paul Bardacke, Atty. Gen., G.T.S. Khalsa, Asst. Atty. Gen., Santa Fe, for State and Board of Medical Examiners.

Jonathan Morse, Santa Fe, amicus curiae Academy for Physician Assistants.

## OPINION

STOWERS, Justice.

This appeal arises from a declaratory judgment action challenging the validity of a rule promulgated by the New Mexico Board of Medical Examiners (Board) that in certain circumstances allows physician's assistants to dispense dangerous drugs. Under paragraph (D)(4) of Rule 86-2, the Board may give written permission to a supervising physician to delegate to a physician's assistant the authority to dispense a forty-eight-hour supply of specified prepackaged or unit-of-use drugs controlled by the New Mexico Drug and Cosmetic Act, NMSA 1978, Sections 26-1-1 to -26 (Orig. Pamp. and Cum.Supp.1983), excluding substances controlled by the New Mexico Controlled Substances Act, NMSA 1978, Sections 30-31-1 to -40 (Repl.Pamp.1980 and Cum.Supp.1985), if the patient is located more than twelve miles from the nearest pharmacy open at the time of dispensing.

Plaintiff New Mexico Pharmaceutical Association (Association) brought this action in district court against defendants the State and the Board, seeking a declaration that the rule was void, invalid, and contrary to law. After the district court denied the Association's request for a preliminary injunction, the parties submitted the issue for determination upon stipulations and briefs. The district court upheld the Board's action, ruling that the Board acted within the scope of its authority and not contrary to law when it promulgated Rule 86-2. See NMSA 1978, § 61-1-25 (Repl. Pamp.1986) (criteria for determining rule invalid in declaratory judgment action). The Association appeals, contending that Rule 86-2 is contrary to law because NMSA 1978, Subsection 61-6-16(G) (Repl. Pamp.1986) expressly prohibits physician's assistants from dispensing dangerous drugs. We agree, and we reverse the district court's judgment.

Subsection 61-6-16(G) provides that the statutes regarding licensing of the practice of medicine shall not apply to:

any act, task or function performed by a physician's assistant at the direction of and under the supervision of a licensed physician, when:

(1) such assistant is certified by and annually registered with the board as one qualified by training or experience to function as an assistant to a physician;

(2) such act, task or function is performed at the direction of and under the supervision of a licensed physician in accordance with rules and regulations promulgated by the board; and

(3) the services of the physician's assistant are limited to assisting the physician in the particular fields for which the assistant has been trained, certified and registered; provided that *this subsection* shall not limit or prevent any physician from delegating to a *qualified person* any acts, tasks or functions which are otherwise permitted by law or established by custom, *except the dispensing of dangerous drugs.* [Emphasis added.]

The Board has been authorized by the Legislature to adopt reasonable rules and regulations for the purposes of carrying out this statute and others relating to physician's assistants. *See* NMSA 1978, § 61–6–8 (Repl.Pamp.1986); *see also* NMSA 1978, § 61–6–19 (Repl.Pamp.1986); *see generally* 1973 N.M.Laws, ch. 361, §§ 1 to 10 (presently codified at NMSA 1978, §§ 61–6–4 to –9, –15, and –16 (Repl.Pamp.1986)). It has no power to adopt a rule or regulation that is not in harmony with this statutory authority. *See Rivas v. Board of Cosmetologists,* 101 N.M. 592, 593, 686 P.2d 934, 935 (1984); *New Mexico Bd. of Pharmacy v. New Mexico Bd. of Osteopathic Medical Examiners,* 95 N.M. 780, 782, 626 P.2d 854, 856 (Ct.App.1981).

The Board contends that its Rule 86–2 allowing physician's assistants to dispense dangerous drugs is not inconsistent with the statutory prohibition contained in the final clause of Subsection 61–6–16(G)(3). Under its interpretation, the language following the semicolon prohibits the dispensing of dangerous drugs by "qualified persons" but not by physician's assistants who act in accordance with the requirements of Subsections 61–6–16(G)(1), (2), and (3). In effect, the Board attempts to define the term "qualified person," undefined by the Legislature, in a manner that excludes such physician's assistants.

■ Because the meaning of the statutory language is unclear, this Court must resort to construction and interpretation in order to ascertain and give effect to the intention of the Legislature. *See New Mexico State Bd. of Educ. v. Board of Educ.,*

95 N.M. 588, 590–91, 624 P.2d 530, 532–33 (1981); *Methola v. County of Eddy,* 95 N.M. 329, 333, 622 P.2d 234, 238 (1980). Although not binding, the statutory interpretations of the agency charged with administration of the statute are persuasive. *City of Raton v. Vermejo Conservancy Dist.,* 101 N.M. 95, 99, 678 P.2d 1170, 1174 (1984). However, a reviewing court will overturn a clearly incorrect administrative interpretation. *See Pharmaceutical Mfrs. Ass'n v. New Mexico Bd. of Pharmacy,* 86 N.M. 571, 576, 525 P.2d 931, 936 (Ct.App.), *cert. quashed,* 86 N.M. 657, 526 P.2d 799 (1974).

■ We have considered the Board's argument that the clause of Subsection 61–6–16(G)(3) following the semicolon must be construed as an independent clause that could stand as a separate sentence. *See Kerr-McGee Nuclear Corp. v. Property Tax Div. of the Taxation & Revenue Dep't,* 95 N.M. 685, 690–91, 625 P.2d 1202, 1207–08 (Ct.App.) (Hendley, J., concurring in part and dissenting in part), *cert. denied,* 94 N.M. 674, 615 P.2d 991 (1980). By its terms as well as its punctuation, that clause applies to "this subsection," that is, to Subsection 61–6–16(G) as a whole, and forbids delegation of the task of dispensing dangerous drugs to "qualified persons."

In interpreting statutes, we should read the entire statute as a whole so that each provision may be considered in relation to every other part. *State ex rel. Newsome v. Alarid,* 90 N.M. 790, 794, 568 P.2d 1236, 1240 (1977). Various subsections of NMSA 1978, Section 61–6–16 (Repl.Pamp.1986) govern the exception of certain medical professionals from compliance with the licensing requirements for the practice of medicine. *See, e.g.,* NMSA 1978, §§ 61–6–16(C), (F), (H) (Repl.Pamp.1986). Subsection 61–6–16(G) governs only the exception of physician's assistants, and we believe that when the Legislature used the term "qualified person" in the final clause of that subsection, it meant a physician's assistant who acts in accordance with the criteria of Subsections 61–6–16(G)(1), (2), and (3).

The Board's interpretation of its statutory authority is clearly wrong. It acted outside the scope of its authority and contrary to law when it promulgated Rule 86–2 allowing physicians, in certain circumstances, to delegate to physician's assistants the task of dispensing dangerous drugs. The Board's administrative rule therefore must yield to the statutory guidelines set by the Legislature. *See Family Dental Center v. New Mexico Bd. of Dentistry,* 97 N.M. 464, 467, 641 P.2d 495, 498 (1982).

Our conclusion is in no way undermined by the fact that the Legislature expressly prohibited the Board of Osteopathic Medical Examiners from adopting rules allowing osteopathic physician's assistants from dispensing dangerous drugs, but did not expressly prohibit the Board of Medical Examiners from adopting similar rules regarding physician's assistants. *Compare* NMSA 1978, § 61–10A–6(C) (Rep.Pamp. 1986) (osteopathic physician's assistants) *with* NMSA 1978, § 61–6–8(C) (Repl.Pamp. 1986) (physician's assistants); *cf. New Mexico Bd. of Pharmacy v. New Mexico Bd. of Osteopathic Medical Examiners,* 95 N.M. at 782, 626 P.2d at 856 (express prohibition of dangerous drug dispensing held applicable to controlled substances). In 1973, the Legislature placed its express prohibition of the dispensing of dangerous drugs by physician's assistants in Subsection 61–6–16(G). In 1979, the Legislature did not enact a provision analogous to Section 61–6–16, but instead placed its express prohibition of the dispensing of dangerous drugs by osteopathic physician's assistants in the section of the Osteopathic Physicians' Assistants Act delineating the Board of Osteopathic Medical Examiners' rule-making authority. *See* § 61–10A–6(C); *see generally* 1979 N.M. Laws, ch. 26, §§ 1 to 7 (presently codified at NMSA 1978, §§ 61–10A–1 to –7 (Repl.Pamp.1986)). The Legislature in each case clearly expressed its intention to forbid physician's assistants from dispensing dangerous drugs. The Board cannot rely upon the form of the Legislature's express prohibition to circumvent that intention, and we hold Rule 86–2 void.

For the foregoing reasons, the decision of the district court is reversed.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., concur.