798 P.2d 190

**Glen GARES, Petitioner–Appellant,**

v.

**NEW MEXICO BOARD OF PSYCHOL-OGIST EXAMINERS, Respondent–Appellee.**

**No. 18846.**

Supreme Court of New Mexico.

Oct. 2, 1990.

Winston Roberts–Hohl, Santa Fe, for petitioner-appellant.

Hal Stratton, Atty. Gen., Elizabeth A. Glenn, Randal Van Vleck, Asst. Attys. Gen., Santa Fe, for respondent-appellee.

## OPINION

SOSA, Chief Justice.

Petitioner-appellant, Glen Gares, Ph.D., appeals the district court's order affirming the revocation of Gares' psychologist certificate following a hearing by the New Mexico Board of Psychologist Examiners. Gares appealed the Board's decision to district court, and that court affirmed the Board's decision. On appeal, we affirm the district court's order dated September 29, 1989, affirming the decision of the Board.

On appeal the facts are undisputed. Gares on several occasions had sex with three female clients either during therapy sessions or outside of therapy sessions but during the period while the three women were still clients of Gares. Gares represented to the clients that their having sex with him was a part of their therapy with him. Gares challenges the Board's and the trial court's decision on the following grounds.

■ He contends that the application form which he signed in order to receive certification from the Board never asked him if he had sex with his clients, and thus his negative answer to one of the application's questions provided the Board with no grounds for its finding that Gares used fraud and deception in applying for certification. He objects in particular to question 16, which asks:

Are you now or have you ever engaged in any activities that misrepresent your professional qualifications, affiliation, or purposes, or those of the institutions, organizations, products and/or services with which you are associated?

We agree with the State's argument on appeal. By answering "No" to this question, Gares falsely stated that he was not engaging in "activities that misrepresent[ed] [his] professional * * * purposes * * * *." In other words, by having sex with his clients, he was engaging in activity that was not related to the purpose of providing psychotherapy—the purpose that was *supposed* to underlie his professional activities.

■ Gares also contends that because he was merely an applicant at the time he engaged in sex with his clients (he was then under the supervision of a certified psychologist) the Board had no jurisdiction to revoke his certification. In other words, Gares contends that the Board could only revoke his certification for the proscribed conduct if at the time of the conduct he were already certified. We disagree. The applicable statute, NMSA 1978, Section 61–9–13(A)(9) (Repl.Pamp.1989), specifically provides that the Board may revoke any psychologist's license "issued or applied for" and that the Board may "otherwise discipline a licensed psychologist * * * upon proof that the applicant * * * has violated any code of conduct adopted by the Board." *Id.* Gares was an applicant and he violated the code of conduct[1] adopted by the Board. Therefore, the Board had authority to revoke his license.

The trial court properly upheld the Board's decision because there was plenti-

---

1. Section 6, paragraph 1 of Rule 3 of the Code of Ethics of the American Psychological Association, adopted by the Board on April 22, 1985 as a Code of Conduct, provides, "Sexual intimacies with clients are unethical." Gares did not challenge the Board's allegation on appeal that he violated this rule.

Although the following consideration had nothing to do with our decision herein, our study indicates that the problem of psychotherapists' sexual relationship with their clients is one which the bench and bar would do well to study. We recommend as a beginning resource, Schoener et al. *Psychotherapists' Sexual Involvement with Clients* (1989) (published by Walk–In Counseling Center, 2421 Chicago Avenue South, Minneapolis, MN 55404); and Sanderson, ed. *It's Never OK: A Handbook for Professionals on Sexual Exploitation by Counselors and Therapists* (1989) (published by the Task Force on Sexual Exploitation by Counselors and Therapists, Minnesota Program for Victims of Sexual Assault, Minnesota, Department of Corrections, 300 Bigelow Building, 450 North Syndicate Street, St. Paul, MN 55104 (612–642–0256)).

ful substantial evidence in the record that had been made by the Board. *See Family Dental Center of New Mexico v. New Mexico Bd. of Dentistry*, 97 N.M. 464, 465, 641 P.2d 495, 496 (1982). Further, even though fraud must be shown by clear, strong and convincing evidence, *Seidenberg v. New Mexico Bd. of Medical Examiners*, 80 N.M. 135, 137, 452 P.2d 469, 471 (1969), our review of the record convinces us that this standard was amply satisfied.

For the foregoing reasons the order of the district court is affirmed in its entirety.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.