778 P.2d 438

ENVIRONMENTAL IMPROVEMENT DIVISION OF the NEW MEXICO HEALTH AND ENVIRONMENT DEPARTMENT, Plaintiff–Appellant,

v.

BLOOMFIELD IRRIGATION DISTRICT, Defendant–Appellee.

No. 10453.

Court of Appeals of New Mexico.

June 6, 1989.

Certiorari Denied July 27, 1989.

692

Weldon L. Merritt, Tracy M. Hughes, Spec. Ass't Atty. Gen. and Ass't Gen. Counsel, Office of General Counsel, Health & Env't Dept., Santa Fe, for plaintiff-appellant.

Dennis F. Armijo, Farmington, for defendant-appellee.

## OPINION

ALARID, Judge.

Plaintiff, Environmental Improvement Division of the State of New Mexico Health and Environment Department (plaintiff), appeals the trial court's order granting defendant, Bloomfield Irrigation District (defendant), summary judgment on both causes of action pled in plaintiff's complaint. Plaintiff raises two issues: (1) whether the trial court erred in deciding defendant does not provide water for human consumption, *see* Environmental Improvement Board Regulations Governing Water Supplies (EIB/WSR 1) § 101.Y, and (2) whether the trial court erred in granting defendant's motion for summary judgment on plaintiff's second cause of action to enjoin a public nuisance under NMSA 1978, Section 30–8–1 (Repl.Pamp.1984). Alternatively, plaintiff claims the trial court should have granted summary judgment in its favor on both causes of action pled in its complaint. We will address other issues raised by this appeal as they become relevant to our discussion. We hold that defendant provides water for human consumption and reverse and remand for further proceedings.

## FACTS AND STATEMENT OF PROCEEDINGS

Because the facts of this case are undisputed, we assigned this case to the legal calendar. *See State v. Rivera,* 92 N.M. 155, 584 P.2d 202 (Ct.App.1978).

Plaintiff derives its authority from NMSA 1978, Sections 74–1–1 to –10 (Repl. Pamp.1988) ("Environmental Improvement Act"). The primary purpose of this legislation is to create an agency responsible for environmental management and consumer protection in order to ensure an environment that, among other things, will confer the optimum health, safety, comfort and economic and social well-being on its inhabitants. *See* § 74–1–2. Pursuant to Sections 74–1–5 and –8, the Environmental Improvement Board has promulgated "Regulations Governing Water Supplies" ("Water Supply Regulations"). *See* EIB/WSR 1, §§ 101 to 702. Plaintiff is empowered to maintain, develop and enforce these regulations and standards in the area of water supply. *See* EIB/WSR 1, §§ 74–1–6, –7(A)(2).

One of the regulations at issue is EIB/WSR 1, Section 101.Y, which defines "public water supply system" as:

a system for the provision to the public of piped water for human consumption if such system has at least fifteen (15) service connections or regularly services an average of at least twenty-five (25) individuals at least sixty (60) days out of the year. A public water supply system is either a "community water system" or a "non-community water system."

EIB/WSR 1, Section 101.C defines "community water system" as:

a public water supply system which serves at least fifteen (15) service connections used by year-round resident [sic] or regularly serves at least twenty-five (25) year-round residents.

Another regulation defines "supplier of water" as "any person who owns or operates a public water supply system." EIB/WSR 1, § 101.DD.

Defendant is an irrigation district organized under NMSA 1978, Sections 73–9–1 to –62 (Orig.Pamp. & Cum.Supp.1987). Its primary purpose is to provide untreated irrigation water to its members. *See* § 73–9–1.

Defendant presently conveys untreated water for irrigation purposes from surface sources through a section of wooden pipe formerly used by the City of Bloomfield to provide treated water to its inhabitants. Defendant allows a number of people along this line to tap into and take untreated water from the wooden pipe only for irrigation purposes but with the knowledge that some of the people use the untreated water for human consumption. There are approximately 200 service connections (taps) to the wooden pipe. Neither party presented any evidence on how many of these connections are used for human consumption, nor how many people use the water for human consumption.

Prior to 1985, anyone wishing to take water from the wooden pipe was required to sign an application with defendant clearly indicating the water was not intended for human consumption. In 1985, defendant was enjoined from using this application pursuant to a temporary settlement agreement entered into with plaintiff on October 28, 1985. Defendant admitted in this settlement agreement that it provided untreated water to more than fifteen service connections used by year-round residents or to more than twenty-five year-round residents. *See* EIB/WSR 1, §§ 101.-C, 101.Y. The agreement is silent on how many of these service connections are used for human consumption or how many of these people use the water for human consumption. Defendant expressly denied it was a supplier of water for human consumption as defined in the Water Supply Regulations in this settlement agreement. The settlement agreement terminated on October 27, 1986. Defendant continues to advise those taking untreated water from the wooden pipe that it is not intended for human consumption. However, defendant knows that some of these people continue to use the water for human consumption.

Plaintiff sued defendant, alleging defendant was subject to the Water Supply Regulations as a "supplier of water," *see* EIB/WSR 1, § 101.DD, because it operates a "public water system," *see* EIB/WSR 1, § 101.Y, and a "community water system," *see* EIB/WSR 1, § 101.C by providing water for human consumption to more than fifteen service connections used by year-round residents or to more than twenty-five year-round residents. Plaintiff sought to enjoin defendant's alleged violations of the Water Supply Regulations. In the alternative, plaintiff sought to enjoin the creation and maintenance of a public nuisance pursuant to Section 30–8–1.

Defendant filed a motion for summary judgment supported by an affidavit from its secretary, Robert Cassady. His affidavit, in effect, stated defendant does not provide water for human consumption because it only engages in the business of providing irrigation water. *See* §§ 73–9–1 to –62; EIB/WSR 1, § 101.Y. For this reason, defendant claimed it was not subject to the Water Supply Regulations.

Plaintiff filed a response and counter-motion for summary judgment supported by Mr. Cassady's deposition and other summary judgment evidence. The main issue below appears to have been whether defen-

dant provides water to the public for human consumption. *See* EIB/WSR 1, § 101.Y. The trial court granted defendant's motion for summary judgment on both causes of action pled in plaintiff's complaint, ruling that defendant "is not a supplier of drinking water and cannot be held responsible for what people do with it."

**EIB/WSR 1, SECTIONS 101.Y AND 101.C**

■ The first issue we need to address is the meaning of these regulations. Plaintiff's complaint, in effect, alleged defendant falls under both of these regulations because it provides water for human consumption at more than fifteen service connections or to more than twenty-five year-round residents. *See* EIB/WSR 1, §§ 101.- C, 101.Y. On appeal, plaintiff advances a different interpretation of EIB/WSR 1, Sections 101.C and 101.Y, by arguing defendant would come within them "if even one person is using the water for human consumption, and there are at least fifteen service connections or at least twenty-five individual consumers on the system." Since the definition of "community water system," *see* EIB/WSR 1, § 101.C, is included in the definition of "public water supply system," *see* EIB/WSR 1, § 101.Y, we discuss both regulations.

Courts defer to the interpretation of a regulation by the agency to which it is addressed unless such interpretation is plainly erroneous or inconsistent with the regulation. *See Borrego v. United States*, 577 F.Supp. 408 (D.N.M.1983). *Compare New Mexico Pharmaceutical Ass'n v. State*, 106 N.M. 73, 738 P.2d 1318 (1987) (statutory interpretations of agency charged with administration of the statute are persuasive, but reviewing court will overturn a clearly incorrect administrative interpretation). Plaintiff's interpretation of EIB/WSR 1, Sections 101.C and 101.Y, in its briefs on appeal, is inconsistent with the regulations and plaintiff's interpretation of these regulations in its complaint. Thus, we do not defer to it. *See Borrego v. United States.*

EIB/WSR 1, Section 101.Y consists of an independent clause followed by a dependent clause beginning with the word "if." *See* W. Sabin, *The Gregg Reference Manual* ¶ 130 (6th ed. 1985). The clause followed by the word "if" is a restrictive adjective clause which limits or restricts the meaning of the word "system" in the preceding independent clause. *See id.*, ¶¶ 130, 1801. The word "system" in the preceding independent clause is modified by the prepositional phrase "for human consumption." *See id.*, ¶ 1801. EIB/WSR 1, Section 101.C incorporates the term "public water system" used in EIB/WSR 1, Section 101.Y.

Therefore, in order for defendant to come within EIB/WSR 1, Section 101.Y, plaintiff must show defendant provides the public with piped water for human consumption *and* at least fifteen service connections are used for human consumption *or* an average of at least twenty-five people regularly use the water for human consumption at least sixty days out of the year. In order for defendant to come within EIB/WSR 1, Section 101.C plaintiff must show defendant provides the public with piped water for human consumption, *see* EIB/WSR 1, § 101.Y *and* at least fifteen service connections are used by year-round residents for human consumption *or* at least twenty-five year-round residents regularly use the water for human consumption. This is how plaintiff interpreted these regulations in its complaint.

**WHETHER DEFENDANT PROVIDES WATER FOR HUMAN CONSUMPTION**

■ This issue is concerned with the first part of the definition of "public water supply system" contained in EIB/WSR 1, Section 101.Y, and concerns plaintiff's interpretation of EIB/WSR 1, Section 101.Y, that the actual use of the water by the residents controls, rather than defendant's stated intent. Defendant claims it does not provide water for human consumption because it only intends to provide water for irrigation purposes and it advises its customers not to use the water for human consumption. Plaintiff claims a supplier provides water for human consumption if people actually use the water for drinking

whether or not defendant intends that result.

We begin with the principle that we will defer to plaintiff's interpretation of EIB/WSR 1, Section 101.Y unless such interpretation is plainly erroneous or inconsistent with the regulation. *See Borrego v. United States.* In determining whether defendant provides water for human consumption, plaintiff could properly consider the actual use of the water rather than defendant's stated intent. *See Interstate Commerce Commission v. A.W. Stickle & Co.*, 41 F.Supp. 268 (E.D.Okla.1941) (in classifying a carrier under a particular state of facts as a private, common, or contract carrier within meaning of Motor Carrier Act, it is effect of what the carrier actually does, rather than its designation by the person concerned or his good faith in endeavoring to engage in the transportation business as a private carrier, which governs), *aff'd*, 128 F.2d 155 (10th Cir.), *cert. denied*, 317 U.S. 650, 63 S.Ct. 46, 87 L.Ed. 523 (1942); *Securities & Exch. Comm'n v. American Int'l Sav. & Loan Ass'n*, 199 F.Supp. 341 (D.Md.1961) (in determining whether defendant is entitled to exemption from Securities Act, character of defendant's business controls rather than its name or charter powers). . Defendant's attempt to distinguish *Interstate Commerce Commission* is unpersuasive because, even though the facts of the case are different, the principle of the case, that what is actually done controls, is applicable. Defendant's arguments under this point exalt form over substance.

The fact that defendant advises its customers not to use the water for human consumption is also not persuasive. *Compare Interstate Commerce Commission v. A.W. Stickle & Co.* (what is actually done controls rather than the good faith of the person concerned). Moreover, there is nothing in the Environmental Improvement Act or the Water Supply Regulations indicating a legislative intent that consumers can waive the protection afforded them by this legislation and the Water Supply Regulations. *Cf. Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 704, 65 S.Ct. 895, 900–01, 89 L.Ed. 1296 (1945) (statutory

right conferred on a private party, but affecting the public interest, cannot be waived or released if such waiver or release contravenes the statutory policy).

Defendant's reliance on *Rivas v. Board of Cosmetologists*, 101 N.M. 592, 686 P.2d 934 (1984), *In re Rehabilitation of Western Investors Life Insurance Co.*, 100 N.M. 370, 671 P.2d 31 (1983), and *Public Service Co. of New Mexico v. New Mexico Environmental Improvement Board*, 89 N.M. 223, 549 P.2d 638 (Ct.App.1976), for the proposition that plaintiff's interpretation of EIB/WSR 1, Section 101.Y that defendant provides water for human consumption is inconsistent with the legislative intent expressed in Section 74–1–2, is also unpersuasive. Plaintiff's interpretation is consistent with the public protection purpose of Section 74–1–2.

■ Defendant also argues plaintiff is attempting to control the use of irrigation water, which is inconsistent with the Environmental Improvement Act. No such inconsistency exists because, under our interpretation of EIB/WSR 1, Sections 101.C and 101.Y, and assuming plaintiff can prove the other elements of EIB/WSR 1, Sections 101.C or 101.Y, plaintiff will not be exercising control over water used primarily for irrigation purposes: rather, plaintiff will be exercising control over water used primarily for human consumption. Under these circumstances, with respect to the water defendant provides through the wooden pipe, defendant would primarily be engaged in supplying water for human consumption rather than water for irrigation. Under these circumstances, Sections 73–9–1 to –62 would be inapplicable to the water defendant provides through the wooden pipe.

Defendant also claims plaintiff's interpretation of EIB/WSR 1, Section 101.Y should be set aside on public policy grounds. It argues that due to the misuse of water by one or a few, it would have to quit supplying water to everyone. Our interpretation of EIB/WSR 1, Sections 101.C and 101.Y should somewhat allay this concern because, in order to fall within the

Water Supply Regulations, defendant would have to be supplying water to more than "one or a few people" who use it for human consumption. If the number of people using the water for human consumption is enough to bring defendant within the Water Supply Regulations, then public policy would favor cutting off the water supply to everyone because we agree with plaintiff that, "[f]rom a public health standpoint, it is preferable for consumers to received [sic] *no* piped water than for them to suffer the risk of serious illness, or even death, from contaminated water."

Based on the foregoing, we cannot say plaintiff's interpretation of EIB/WSR 1, Section 101.Y is plainly erroneous or inconsistent with the Environmental Improvement Act or EIB/WSR 1, Section 101.Y. *See Borrego v. United States. Cf. New Mexico Pharmaceutical Ass'n v. State.* We hold, under the facts of this case, defendant provides water for human consumption and, therefore, meets the first part of the definition of EIB/WSR 1, Section 101.Y. Therefore, the trial court erred in deciding defendant does not provide water for human consumption. Assuming plaintiff can prove the other elements of EIB/WSR 1, Sections 101.C or 101.Y, then defendant would be subject to the Water Supply Regulations.

**WHETHER THE TRIAL COURT PROPERLY GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION TO ENJOIN A PUBLIC NUISANCE**

■ Section 30–8–1(A) defines a public nuisance as "knowingly creating, performing or maintaining anything affecting any number of citizens without lawful authority which is . . . injurious to public health, safety, morals or welfare." A public nuisance must affect a considerable number of people or an entire community or neighborhood. *See Padilla v. Lawrence,* 101 N.M. 556, 562, 685 P.2d 964, 970 (Ct.App.1984).

■ Plaintiff argues the trial court erred in granting defendant's motion for summary judgment on this cause of action because the trial court only decided defendant does not provide water for human consumption as defined in EIB/WSR 1, Section 101.Y, which is irrelevant to whether defendant is creating or maintaining a public nuisance. We agree. Depending on the number of people and service connections involved and the size of the community, and under our interpretation of EIB/WSR 1, Sections 101.C and 101.Y, it is conceivable defendant might not fall under the Water Supply Regulations but still be maintaining a public nuisance as defined in Section 30–8–1 and *Padilla.* However, since neither party presented any evidence on the number of people or the size of the community using the water for human consumption, neither party carried its burden of proof on this issue. *See Koenig v. Perez,* 104 N.M. 664, 726 P.2d 341 (1986). Therefore, neither party was entitled to summary judgment on this issue. *See id.*

CONCLUSION

In summary, we hold defendant provides water for human consumption as defined in the first part of EIB/WSR 1, Section 101.Y but that plaintiff failed to establish its prima facie case on the other elements of EIB/WSR 1, Sections 101.C or 101.Y. Therefore, we reverse the grant of summary judgment in favor of defendant, and remand for trial on the merits. Plaintiff shall recover its costs on appeal.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.