PAUL E. HAMER *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION OF SCHOOL DISTRICT No. 109, Defendant-Appellee.

(No. 71-293;

Second District—January 31, 1973.

Paul E. Hamer, *pro se.*

Norman & Billick, of Chicago, (Ralph Miller and Allyn J. Franke, of counsel,) for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The plaintiff herein, Paul E. Hamer, has again filed a suit in the Circuit Court of Lake County against the Board of Education of School District No. 109, and said appeal is presently before this court. Hamer had previously filed a similar suit in the Circuit Court of Lake County which was pending upon appeal at the time of the filing of the instant cause of action. The Supreme Court of Illinois filed its decision on December 4, 1970, *Hamer v. Board of Education of School Dist. No. 109*, 47 Ill.2d 480, 265 N.E.2d 616; a rehearing was denied January 27, 1971, and *certiorari* was denied by the Supreme Court of the United States.

The apparent difference between the two suits is that in the suit now before this court, Hamer filed a suit in three counts, the first count on behalf of himself and others, and he has now added a second count on behalf of himself and others; the second being for an injunction; and the third count being for a *mandamus* against the school district filed on behalf of Hamer individually.

Examination of the complaint in the prior action and in the instant suit discloses that the two suits are substantially the same. In the present case, Hamer primarily based his cause of action upon a book rental fee for Eleanor Hamer in the sum of $8.50; John Hamer in the sum of $9.00; Tom Hamer in the sum of $9.00; and a towel fee for the year for Tom Hamer in the sum of $3.50, these being the three children of the complaint. He paid these sums under protest on September 15, 1970, and two weeks later filed the instant suit. An additional element not found in the prior suit is that the text book rental fees are unreasonable, and the objection to "supply fees" including $3.50 yearly fee for the furnishing of clean towels throughout the school year for the one child.

The complaint before us challenges the constitutionality of Ill. Rev. Stat. 1969, ch. 122, pars. 10—20.13, 10—22.25 and 34—8. The complaint further states that charging pupils for the use of text books and towels is not allowed under the School Code or the Illinois Constitution. Art. 8, Sec. 1.

A motion for summary judgment filed by the defendant was granted on March 24, 1971. Plaintiff's motion for summary judgment and his motion to re-hear, vacate or reconsider was denied. This appeal followed from these orders.

■■■ The plaintiff contends in his brief that the primary issue in this case is whether sections 10—20.13 and 10—22.25 of the School Code contravene the provisions of the Federal and the 1970 State constitution. The defendant has in its brief, likewise, considered this question and contends the provisions of the 1970 Constitution are not basically changed from the provisions of the 1870 Constitution.* However, this issue was never presented to the trial court and obviously cannot now be presented to this court as a matter of first impression. The complaint herein sets forth and refers to article 8—1 of the Constitution, but at no time mentions the year of the Constitution. It is obvious that article 8—1 must therefore refer to the 1870 Constitution. Interestingly enough, the 1970 Constitution became effective on January 1, 1971, and was not in effect at the time Hamer filed the suit now before us. Examination of the complaint before us and the prior complaint which was considered by the Supreme Court discloses but little difference. The constitutionality of the quoted statutory provisions was upheld in that opinion. Likewise, the court also considered the statutory provisions quoted with relation to the 1870 Constitution and those issues are *res adjudicata* at this time.

The first new issue is as to whether the fees set forth above for the use of text books for the year in question and prior years, and school supply charges including the $3.50 yearly towel charge and laundering thereof, are reasonable.

■■■ The trial court was more than amply justified in considering the affidavit of the Assistant Superintendent of Schools as to the cost of furnishing text books and the income secured for the rental thereof. Likewise, it is scarcely necessary to mention that the furnishing of a bath towel and the yearly laundering thereof for an annual sum of $3.50 is modest indeed. It should also be noted that plaintiff could furnish towels to his children if he so desired, the above charge being entirely optional with the parent. It should be further noted that the question of "supply fees" was raised in the prior suit instituted by plaintiff.

---

* The constitutional provision in question is found in Art. 8—1 of the 1870 Constitution and Art. 10—1 of the 1970 Illinois Constitution.

In this court's opinion no issue has been raised by plaintiff's counteraffidavit.

■■ Plaintiff further contends that a class action is proper to contest illegal fees. As the Supreme Court has previously held and as we now hold, the fees were not illegal, therefore this issue is moot.

While it is not necessary for this opinion, we feel constrained to comment upon the allegations of the plaintiff that the statutory provisions herein quoted pertaining to rental charges for textbooks and supplies are unconstitutional under the 1970 Constitution. The records of the Constitutional Convention (*Record of Proceedings, Sixth Illinois Constitutional Convention, December 8th, 1969—September 3rd, 1970,* as found on pages 765-768, Volume II of the Verbatim Transcript) confirm our opinion that such charges are constitutional under the 1970 Constitution. In discussing the proposed new constitutional article pertaining to "free schools" we find the Educational Committee member stated at page 765:

> "* * * The first part states that education in the public schools through the secondary level shall be free. This sentence picks up the 1870 Constitutional requirement of free schools. * * * However, we recognize that schools are not totally free; through tradition and practice, this has been interpreted to mean tuition-free and not totally free public education, and this is the intent of this third paragraph."

In response to a query as to what the word "free" included, the following colloquy took place, as set forth at page 767:

> "* * * Is it your intention that the word "free" includes anything other than tuition for the elementary and secondary schools? Mr. FOGAL: You may recall earlier in our committee deliberations we voted tentatively to strike 'free,' since most of us recognize that we don't have—and as far as I know we have never had—totally free public schools; and we considered that earlier position. We felt that tradition will continue, probably, to interpret 'free public education' as we always have, and it's open to either provide totally free education, whether you are speaking of book fees, book rentals, or PE equipment, or we can continue as we are now, I don't think we have changed it."

■■ We therefore conclude that the School Code statutes in question here, as set forth in Ill. Rev. Stat. 1969, ch. 122, pars. 10—22.13, 10—22.25 and 34—8, are not in contravention of the 1970 Constitution; and we further find that the textbooks and towel fees in question here would not be unconstitutional under the 1970 Constitution.

The Supreme Court in its excellent opinion as indicated above, *Hamer v. Board of Education of School Dist. No. 109,* 47 Ill.2d 480, 265 N.E.2d

616, 1971, has traced the history of free education in Illinois. No real new issues other than discussed above are presented to us and accordingly this appeal must fail. The judgment of the Circuit Court of Lake County in dismissing the complaint herein, is affirmed.

Affirmed.

SEIDENFELD and T. MORAN, JJ., concur.