553 P.2d 1277 (1976)
89 N.M. 470
Cindy Lee NORTON and Jon Dwayne Norton, by their guardian and next friend, Virgil L. Welch, on behalf of themselves and as representatives for all students similarly enrolled in the elementary and secondary schools of the Hobbs Municipal Schools, Plaintiffs-Appellants and Cross-Appellees,
v.
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 16, HOBBS MUNICIPAL SCHOOLS, said Board Consisting of Jack D. Mussett, D.A. Cochran, Dale Cooper, Mrs. W.D. (Pat) Richards, and Bob Whitten, and the Superintendent of the Hobbs Municipal Schools, Nelson Tydings, Defendants-Appellees and Cross-Appellants.
No. 10707.
Supreme Court of New Mexico.
August 20, 1976.
Branch & Branch, Albuquerque, Gallegos & Welch, W.D. Welch, Tucumcari, for appellants.
Warren F. Reynolds, Hobbs, for appellees.

OPINION
McMANUS, Justice.
This suit was brought in the District Court of Lea County as a class action to declare those fees collected from students by the Hobbs Municipal Schools as contrary to the Constitution of the State of New Mexico which requires in Article XII, § 1, that "[a] uniform system of free public schools sufficient for the education of, and open to, all the children of school age in the state shall be established and maintained;" to enjoin the defendant, Hobbs Municipal Schools, from collecting fees from students enrolled in the Hobbs Municipal Schools; and to require the Hobbs Municipal Schools to return to the plaintiffs and to all other students similarly situated and enrolled since August, 1972, all fees collected and paid, for those school *1278 years since the date of the Attorney General's opinion (April 17, 1972) that advised the Hobbs Municipal Schools of the illegality of their action in collecting these fees.
After a trial to the court, judgment was entered granting plaintiffs only partial relief by barring only fees for identification cards, physical education towels, and general science workbooks. Plaintiffs' request for judgment declaring all fees collected by the defendant unconstitutional, for an injunction to prohibit collection of such fees in the future, and for the return of all fees collected for the school years after the date of the Attorney General's opinion was denied. From that judgment, plaintiffs appeal. The plaintiffs allege four points of error on this appeal as follows:
I. Article XII, § 1 of the Constitution of the State of New Mexico prohibits the defendant Hobbs Municipal School from collecting any fees from the plaintiffs for courses or activities reasonably related to the educational goals of the defendant Hobbs Municipal Schools since that constitutional provision mandates the establishment and maintenance of public schools like the defendant and further specifies that all such public schools shall be "free." Therefore, the trial court was in error to hold that only fees for identification cards, physical education towels and general science handbooks were barred by that language of the constitution and should instead have ruled that all fees collected by defendants were unconstitutional.
II. The trial court was in error to hold that the Plaintiffs shall not recover those fees charged in school years 1972-73, 1973-74 and 1974-75, since the evidence clearly established that the defendants Hobbs Municipal Schools and Nelson Tydings were put on notice as to the illegality of their actions in charging fees for those years and showed a lack of good faith by continuing to charge those fees from students like plaintiffs.
III. The trial court was in error to find that fees may be charged for driver's education courses since it was contemplated by the legislature that driver's education courses would be offered by the public schools and as such must be provided free.
IV. Plaintiffs' attorneys were proceeding in the public interest in litigating this matter and should therefore, be awarded attorneys fees.
Article XII, § 1 of the Constitution of the State of New Mexico reads as follows:
"A uniform system of free public schools sufficient for the education of, and open to, all children of school age in the state shall be established and maintained."
Plaintiffs maintain that this section prohibits a school system from making charges of any kind. In Bond v. Public Schools of Ann Arbor School Dist., 383 Mich. 693, 178 N.W.2d 484 (1970), as in most other cases reported on this subject, it was held (1) that the Michigan state constitution clearly requires that elementary and secondary education be provided without cost or charge to the student, (2) that books and school supplies are an essential part of a system of free public elementary and secondary schools, and (3) that, therefore, the collection of general fees and the requirement that pupils purchase their own books and supplies were unconstitutional. We agree with this general statement, but it does not fit the exact factual situation in the case before us. In our opinion the words in our Constitution, "free public schools sufficient for the education * * *," do not mean that all courses offered should be free. Only those courses "sufficient for the education" should be "free" in the sense of this constitutional provision. See Paulson v. Minidoka County School District No. 331, 93 Idaho 469, 463 P.2d 935 (1970).
Thus, we hold that courses required of every student shall be without charge to *1279 the student. Reasonable fees may be charged for "elective" courses. The New Mexico Board of Education shall define what are "required" or "elective" courses in the educational system of New Mexico.
As to point II, supra, the evidence reflects a good faith endeavor to comply with the proposition that no fees be charged for required courses.
Point III, supra, refers to driver's education. If this is a "required" course then such decision should be made by the new Mexico Board of Education, as this opinion indicates.
Point IV, supra, refers to attorney's fees for appellants herein. Such attorney's fees are not provided for in the laws of New Mexico.
Therefore, it is the opinion of the court that the decision of the trial court will be affirmed. The cross appeal of the Appellees will be denied.
IT IS SO ORDERED.
OMAN, C.J., and MONTOYA, J., concur.