788 P.2d 348

**Dorothy GONZALES, Petitioner–Appellant and Cross–Appellee,**

v.

**NEW MEXICO EDUCATIONAL RETIREMENT BOARD and Frank Ready, Director, Respondents–Appellees and Cross–Appellants.**

**No. 18114.**

Supreme Court of New Mexico.

Feb. 23, 1990.

Rehearing Denied March 29, 1990.

James A. Burke, Santa Fe, for petitioner-appellant and cross-appellee.

Hal Stratton, Atty. Gen., Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, for respondents-appellees and cross-appellants.

## OPINION

BACA, Justice.

Petitioner Dorothy Gonzales appeals from an order of mandamus which denied retroactive disability benefits to the date of the accident, August 16, 1983. The New Mexico Educational Retirement Board (ERB or the Board) and Frank Ready cross-appeal the declaration that ERB Regulation VI is unconstitutional, the award of disability benefits from January 1985, and the award of reasonable attorney fees pursuant to 42 U.S.C. Section 1988. We reverse in part and affirm in part.

This case does not rise to the level of a constitutional question. It is rather a question of the ERB exceeding its statutory authority and abusing its discretion in denying Ms. Gonzales benefits and in creating regulations outside its stated authority. Ms. Gonzales was apparently totally disabled in an accident, yet was not awarded disability benefits until nearly three years after the accident. Ms. Gonzales must bear some of the responsibility for such a late award as she did not apply until eighteen months after the accident. A constitutional resolution of this problem is unnecessary.

FACTS

Ms. Gonzales, a school bus owner/driver was involved in an accident in August 1983, while driving a school bus for Penasco schools. She was found to be totally disabled by both the Worker's Compensation Board and the Social Security Administration. Although Ms. Gonzales no longer drove the bus after the accident, she continued to maintain her rights in the bus contract along with her husband, and hired an employee to drive the bus.

The nature of the Board of Education school bus contract differs from an employment contract. The contractor is paid a lump sum for such anticipated costs as maintenance, oil, gas, drivers' salary, etc. The contractor may either drive the bus himself/herself and keep all net profits, or hire a driver and keep profits remaining after the driver's salary and expenses are paid. It is uncontroverted that the terms of the contract provide that a contractor may hire another person to drive the bus.

Ms. Gonzales applied for disability benefits from the ERB in March of 1985, eighteen months after the accident. ERB ad-

vised Ms. Gonzales that under its Regulation VI(A) "[a] school bus owner/driver shall not be eligible for disability benefits unless (s)he terminates all school bus operation contracts with the public schools." It therefore refused to process her application until she divested herself of any interest in the contract. Although she claimed disability and did not drive the bus herself, Ms. Gonzales finally resigned her contract in February 1986, and reapplied. Her application was again denied because it was found to be stale. As of July 1986, the ERB found petitioner eligible for benefits. This was one month shy of three years from the time of the accident.

Petitioner then sued ERB alleging that Regulation VI was unconstitutional in that it violated the equal protection, due process, and contract clauses by forcing Ms. Gonzales to divest herself of the contract before receiving benefits, or in the alternative, exceeded the authority granted ERB by statute. Ms. Gonzales also sued under 42 U.S.C. Section 1983 and Section 1988, claiming that her civil rights had been violated by the ERB and that she was therefore entitled to attorney's fees. The district court awarded $4,500 in attorney's fees under 42 U.S.C. Section 1988, and found Regulation VI to be unconstitutional as applied, granting Ms. Gonzales disability benefits from January 1985, when the Board first had constructive notice of the disability.

■ The state claims that because the petitioner failed to exhaust her administrative remedies by appealing the Board's decision to the Board under ERB Rule I, Section C(2), mandamus does not lie. Although this is generally true, when a board has acted outside its jurisdiction, as in this case, mandamus is properly granted. *Sanderson v. New Mexico State Racing Comm'n*, 80 N.M. 200, 453 P.2d 370 (1969).

## CONSTITUTIONAL QUESTION NOT REACHED

■ It is unnecessary to reach the constitutional questions when there is a showing of abuse of discretion and overstepping of the statutory authority. The Educational Retirement Act, NMSA 1978, Sections 22–11–1 to –45 (Repl.Pamp.1989) (the Act) is the legislative grant of authority for the ERB. Section 22–11–35 deals with actions of the Board in relation to disability benefits. It provides:

A. A member *shall* be eligible for disability benefits if [s]he has acquired ten years or more of earned service-credit and the *board certifies the member to be totally disabled* to continue [her] employment and unable to obtain and retain other gainful employment commensurate with [her] background, education and experience.

B. Prior to any certification of disability by the board, the board shall require each applicant for disability benefits to submit [herself] to a medical examination by the medical authority.

NMSA 1978, § 22–11–35 (emphasis added).

The legislature, through this statute, has granted the ERB the authority to award disability benefits if certain requirements are met. If the Board certifies the eligible member to be totally disabled, the Board must award benefits. Once the determination of total disability is made, it is the duty of the Board to certify the member as disabled. There is nothing in this grant of authority which authorizes the Board to refuse to accept an application for disability if the applicant continues to hold a property interest in a bus contract.

The Board has the authority by regulation to set out an application process in order to determine disability. It does not, however, have the statutory power to create unreasonable or irrelevant requirements within the application process, before it considers the application. ERB does not even consider an application if the applicant maintains an interest in a bus contract. This goes beyond the power vested in the ERB to certify an applicant as totally disabled. ERB did not act reasonably in determining when Ms. Gonzales' application was complete so that review of her disability would commence. Compliance with Regulation VI(A) as a condition precedent to even considering the application goes beyond ERB's statutory authority.

The applicant's work activities in administering a bus contract may be relevant to a consideration of total disability but should not be a bar to initial evaluation.

An agency may not create a regulation that exceeds its statutory authority. *Rivas v. Board of Cosmetologists*, 101 N.M. 592, 686 P.2d 934 (1984); *see Family Dental Center of New Mexico v. New Mexico Board of Dentistry*, 97 N.M. 464, 641 P.2d 495 (1982). To claim that an application for disability will not be considered so long as an applicant maintains an interest in a bus contract goes beyond the legislative intent in allowing the ERB the power to determine disability. It would more likely be within the legislative intent to consider the contract and activities required by it as factors measured against the definition of total disability. It may be possible, however, to maintain a property interest and be disabled at the same time. If a party is disabled under the statute, then that party should receive disability benefits and the Board exceeds its authority by not considering the application.

WHEN SHOULD BENEFITS BEGIN?

■ Petitioner Gonzales also argues that Regulation VI(C) is an unconstitutional "statute of limitations." Regulation VI(C) provides:

> *Effective Date of Benefits*
> (1) The effective date of disability benefits *shall* be the first day of the month following the member's termination of employment, or the first day of the month following *receipt of the member's application*, whichever is later. (Emphasis added.)

This regulation *is* within the scope of power vested in the Board by the Act. The legislature, through the Act, gives authority to the Board to grant disability benefits *after an applicant has been certified* disabled. Delaying benefits until the time of application falls within the statutory grant because the Board must have information upon which to base its disability decision. This logically and reasonably falls within the grant of authority vested in the ERB.

The ERB exceeded its authority and abused its discretion in creating Regulation VI(A) by requiring divestment of the contract before the application would be considered. However, requiring an application before awarding benefits is an acceptable use of the Board's power. So the question remaining is when should benefits begin? Regulation VI(C) provides that benefits should begin either one month after termination or one month after an application is received, whichever is later. Notice of disability is what is necessary, and in this instance, the ERB had notice of disability through the filing of an application March 1, 1985. Benefits for Ms. Gonzales should have begun on April 1, 1985, one month after receipt of her application. It would serve no useful purpose to go back and try to reconstruct the period when she was disabled but still maintained an interest in the bus contract.

ATTORNEY'S FEES, PREJUDGMENT INTEREST

■ This case is not one to enforce 42 U.S.C. Section 1983 (or any other civil rights statute), and therefore no attorney fees are awardable under 42 U.S.C. Section 1988. Although Ms. Gonzales claimed that the ERB's rules violated various federal constitutional requirements, her suit at bottom was one to interpret and apply those rules and to determine their validity in light of the governing *state* statutes. Section 1988 is accordingly not applicable. There is no other statute that pertains to this situation from which attorney's fees might be awarded. Without an authorizing statute, attorney's fees may not be awarded. *Martinez v. Martinez*, 101 N.M. 88, 93, 678 P.2d 1163, 1168 (1984); *Norton v. Board of Education of Hobbs Municipal Schools*, 89 N.M. 470, 472, 553 P.2d 1277, 1279 (1976). Prejudgment interest also is not awardable as against a state agency. NMSA 1978, § 56-8-4 (Repl.1986); *see also Bradbury & Stamm Constr. Co. v. Bureau of Revenue*, 70 N.M. 226, 238, 372 P.2d 808, 816-17 (1962).

In conclusion, the ERB overstepped its statutory authority in denying then delaying benefits based on Regulation VI(A). It did not have the authority to deny a hearing to a claimed disabled party simply be-

cause she maintained an interest in a contract without more. Benefits should therefore be awarded in accordance with Regulation VI(C) one month after receipt of Ms. Gonzales' first application, April 1, 1985. Because appellant no longer maintains the contract, further inquiry in this regard is not necessary. Attorney's fees and prejudgment interest may not be awarded. We reverse in part and affirm in part and remand for entry of judgment in accordance with this opinion.

IT IS SO ORDERED.

MONTGOMERY and WILSON, JJ., concur.