SIXTH DIVISION
September 30, 2010

No. 1-09-2746

| | | |
|---|---|---|
| DAWN SHERMAN, a Minor Through | ) | Appeal from the |
| Robert Sherman, her father and | ) | Circuit Court of |
| next friend, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No.  09 CH 03690 |
| | ) | |
| TOWNSHIP HIGH SCHOOL DISTRICT | ) | |
| 214, and ILLINOIS STATE BOARD OF | ) | |
| EDUCATION, | ) | Honorable |
| | ) | Peter A. Flynn, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Plaintiff brought a *pro se* declaratory judgment action against Township High School District 214 (District 214) and the Illinois State Board of Education (State Board) asserting that a $350 fee for a Buffalo Grove High School drivers' education course was unauthorized under the Illinois Administrative Code (23 Ill. Adm. Code § 252.30(a)(3), amended at 32 Ill. Reb. 10935, eff. July 7, 2008) and the free education clause of the Illinois Constitution (Ill. Const. 1970, art. X, sec. 1).  Plaintiff also sought an injunction against the imposition of the $350 fee.  Both defendants filed combined motions to dismiss for failure to state a cause of action and for lack of standing under sections 2-615 and 2-619 of the Illinois Code of Civil Procedure.  735 ILCS 5/2-615, 2-619 (West 2008).  The trial court dismissed the case with prejudice, and plaintiff now appeals. For the reasons stated below, we affirm.

No. 1-09-2746

BACKGROUND

Plaintiff Dawn Sherman was a 15 year-old sophomore at Buffalo Grove High School when the instant action was filed. Robert Sherman is plaintiff's father, next friend, and a taxpayer in Buffalo Grove. Defendant District 214 is the administrative unit for a 68 square-mile area of Illinois which serves approximately 250,000 citizens and educates students on seven high school campuses, including Buffalo Grove High School. Defendant State Board is the administrative agency charged with supervising all Illinois public schools, including Buffalo Grove High School.

Pursuant to the Illinois School Code (School Code), "[a]ny school district which maintains grades 9 through 12 shall offer a driver education course in any such school which it operates." 105 ILCS 5/27-24.2 (West 2008). This course "shall consist of *** classroom instruction" and "individual behind-the-wheel instruction." 105 ILCS 5/27-23 (West 2008). Additionally, "[s]ubject to rules *** of the State Board of Education, the district may charge a reasonable fee, not to exceed $50, to students who participate in the [driver education] course." 105 ILCS 5/27-23 (West 2008). School districts, however, may request a waiver of mandates within the School Code, such as the Driver Education Act, under section 2-3.25g (105 ILCS 5/2-3.25g (West 2008)) (Waiver Provision).

On August 8, 2006, District 214 submitted a Waiver Provision application to the Illinois General Assembly requesting it to waive the "reasonable fee, not to exceed $50" portion of the Driver Education Act and raise the fee for the Buffalo Grove High School drivers' education course (Driver Education Course) to $350 for a five-year period. The Waiver Provision outlines specific requirements a school district must complete to request a waiver of a School Code mandate. In relevant part, the Waiver Provision requires school districts to:

"demonstrate that the intent of the mandate can be addressed in a more effective, efficient, or economical manner or be based upon a specific plan for improved student performance and school improvement.***[If the] intent of the mandate can be addressed in a more economical manner [, the school district] shall include in the application a fiscal analysis showing current expenditures on the mandate and projected savings resulting from the waiver or modification." 105 ILCS 5/2-3.25g (c) (West 2008).

Pursuant to this requirement, District 214's "fiscal analysis showing current expenditures" (105 ILCS 5/2-3.25g (c) (West 2008)) estimated the Driver Education Course would cost District 214 $685,897 for "Teacher Salaries," $63,000 for "Benefits," $20,000 for "Vehicle Cost," and $22,500 for "Supplies." The "projected savings from the waiver modification" estimated the Driver Education Course would cost District 214 $993 per student during the 2005-2006 school year and that District 214 would save $350 per student by instituting the fee, but would still incur a $643 cost for each student enrolled.

Following a "public hearing" on the application and approval "by the board or regional superintendent," the waiver application is then required to be submitted to the State Board with specific "description[s]" of its required obligations under the Waiver Provision. 105 ILCS 5/2-3.25 (c)-(d) (West 2008). The Waiver Provision provides:

"The application as submitted to the State Board of Education shall include a description of the public hearing. The description shall include, but need not be limited to, the means of notice, the

3

number of people in attendance, the number of people who spoke

as proponents or opponents of the waiver, a brief description of

their comments, and whether there were any written statements

submitted. The State Board shall review the applications and

requests for completeness and shall compile the requests in reports

to be filed with the General Assembly." 105 ILCS 5/2-3.25g (d)

(West 2008).

After the State Board "review[s] the applications***for completeness," it

submits the waiver application to the "General Assembly [,which] may

disapprove the report of the State Board in whole or in part," but "[i]f the General

Assembly fails to disapprove any waiver request***within [a] 60 day period, the

waiver or modification shall be deemed granted." 105 ILCS 5/2-3.25g (d) (West

2008).

Pursuant to the Waiver Provision, District 214 submitted its waiver application to the

State Board in accordance with all necessary requirements. The State Board reviewed District

214's application "for completeness" and submitted the application to the General Assembly.

The General Assembly subsequently granted District 214's waiver request to raise the $50

portion of the Driver Education Act. A $350 fee was then charged to all Buffalo Grove High

School students who enrolled in its Driver Education Course.

In December 2008, plaintiff registered for Buffalo Grove High School's Driver

Education Course and was informed of the $350 fee. Plaintiff refused to pay the required fee;

and on January 29, 2009, through her father and next friend Robert Sherman, filed this *pro se*

4

complaint against various defendants for declaratory judgment claiming that the $350 fee was unlawful and requesting a temporary restraining order against imposition of the fee. On February 3, 2009, the trial court denied plaintiff's motion for a temporary restraining order and ordered plaintiff to pay the $350 fee under protest without prejudice to her claims.

Pursuant to the "Parties' Stipulations To Clarify The Amended Complaint" of May 22, 2009, plaintiff alleges three causes of actions against two defendants.[1]

First, plaintiff alleges that District 214's "request and renewal applications for waiver of the Illinois School Code, which sought to increase the driver's education fees in the District to include staffing costs, were unconstitutional under [the free education clause] of the Illinois Constitution and are therefore invalid."

The free education clause states:

> "A fundamental goal of the People of the State is the educational development of all persons to the limits of their capacities.
>
> The State shall provide for an efficient system of high quality public educational institutions and services. Education in public school through the secondary level shall be free. There may be such other free education as the General Assembly provides by law.

---

[1] Plaintiff initially sued 28 defendants but voluntarily agreed to remove all defendants except District 214 and the State Board.

The State has the primary responsibility for financing the system of public education." Ill. Const. 1970, art. X, § 1.

Second, plaintiff alleges that the State Board "should have rejected the District's request and renewal applications to waive the Illinois School Code and increase the driver's education fee, as the fees were to be used in part for staffing costs, which is in violation of the Illinois Administrative Code. 23 Ill. Admin Code § 252.30(a)(3)."

Section 252.30(a)(3) provides in relevant part:

> "The district may charge a reasonable fee – not to exceed the amount specified in Section 27-23 of the School Code – to students who participate in a driver education course approved in accordance with this Part. No other fee or portion thereof shall be charged to students and attributed to the driver education course. As used in this Part, 'reasonable fee' means a fee calculated by dividing the sum of documented annual district costs for items such as instructional materials (if not included in the district's textbook rental fee), the cost of driver education cars, car maintenance costs, fuel, and insurance by the number of students enrolled or participating in the driver education course. The district's costs used in this calculation shall not include any portion of the salaries or benefits of school district personnel. *** " 23 Ill. Admin. Code §252.30(a)(3), amended at 32 Ill. Reg. 10935, eff. July 7, 2008.

6

Third, plaintiff alleges "[a]s supervisor of school districts pursuant to [statute], [the State Board] had a duty to determine the Constitutionality of District 214's waiver request, not just a duty to review the waiver submission for completeness pursuant to [the Waiver Provision]."

As noted, on June 16, 2009, both District 214 and the State Board filed combined motions to dismiss seeking dismissal of plaintiff's amended complaint for failure to state a cause of action and for lack of standing under sections 2-615 and 2-619 of the Illinois Code of Civil Procedure. On July 28, 2009, plaintiff filed a response to defendants' motions to dismiss, and a hearing on defendants' motions to dismiss was held on September 3, 2009.

At the September 3, 2009, hearing, the trial court dismissed, with prejudice, plaintiff's complaint without a written opinion and orally stated:

"[The State Board] did not have an adequate dispositive role with regard to this waiver to warrant bringing them into this action as defendants. Their role was really just to compile waiver requests and send them on to the General Assembly. ***

That is not necessarily true of [District 214] because [District 214] had to take the step of initiating the waiver process to begin with. ***

Yet I cannot find it actionable to request a waiver which the General Assembly has the authority to approve or disapprove merely because the General Assembly happens to have approved it. That would present serious problems of standing and justiciability.

7

***

I therefore conclude that both [the State Board and District 214's] motions to dismiss must be granted for the reasons I have outlined. Because if there is a culprit here, so to speak, the culprit is the General Assembly. The General Assembly is not before this court And I cannot cause them to be before this court.

This does not do what the Plaintiff wants which is to raise specifically the issue of whether the driver's [education] charges must be [a] net of charges for school district personnel. But I conclude that I cannot address that because I [do not] have the right defendants here to do it [, a]nd for that reason the motions to dismiss are granted."

On January 15, 2010, plaintiff filed a timely appeal to this court.

ANALYSIS

The granting of a motion to dismiss pursuant to section 2-615 and 2-619 are reviewed *de novo*. Compton v. Country Mutual Insurance Co., 382 Ill. App. 3d 323, 325 (2008); Glisson v. City of Marion, 188 Ill. 2d 211, 220, 221 (1999). Dismissal is appropriate where no set of facts could be proved under the pleadings that would entitle plaintiff to relief. Casualty Insurance Co. v. Hill Mechanical Group, 323 Ill. App. 3d 1028, 1033 (2001); Wright v. City of Danville, 174 Ill. 2d 391, 398 (1996). We accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. Casualty Insurance Co., 323 Ill. App. 3d at 1033. We may affirm the dismissal of a complaint on any ground that is apparent from the record. Golf v.

Henderson, 376 Ill. App. 3d 271, 275 (2007).

Plaintiff alleges three causes of action for declaratory judgment. First, plaintiff alleges District 214's $350 Driver Education Course fee is a violation of the free education clause of the Illinois Constitution because a portion of the $350 fee was used for payment of teacher salaries and benefits. Second, plaintiff alleges the State Board's submission of District 214's waiver application to the General Assembly, which sought to waive a portion of the Illinois School Code by permitting the $350 fee, was a violation of the State Board's obligations under section 252.30(a)(3) of title 23 of the Illinois Administrative Code. Third, plaintiff alleges the State Board violated the free education clause of the Illinois Constitution by submitting District 214's waiver application to the General Assembly.

## 1. District 214 Is a Proper Party

As previously noted, the trial court dismissed on the ground that District 214 and the State Board were not proper parties. First, we find that District 214 is a proper party.

Plaintiff alleges that District 214's $350 Driver Education Course fee is a violation of the free education clause of the Illinois Constitution because a portion of the $350 fee was used for payment of teacher salaries and benefits. The free education clause states:

> "A fundamental goal of the People of the State is the
>
> educational development of all persons to the limits of their
>
> capacities.
>
> The State shall provide for an efficient system of high
>
> quality public educational institutions and services. Education in
>
> public school through the secondary level shall be free. There may

be such other free education as the General Assembly provides by law.

The State has the primary responsibility for financing the system of public education." Ill. Const. 1970, art. X, § 1.

District 214 argues that plaintiff has no cause of action because District 214 followed a waiver provision expressly approved by the General Assembly. However, plaintiff is not alleging that District 214 improperly followed the law. Rather, plaintiff is alleging the law that District 214 followed is unconstitutional.

"A party who attacks a statute as unconstitutional must bring himself within the class aggrieved by the alleged unconstitutionality." People v. Mayberry, 63 Ill. 2d 1, 6 (1976), citing People v. Bombacino, 51 Ill. 2d 17 (1972). Plaintiff alleges the $350 she paid for the Driver Education Course is unconstitutional and demands return of her $350 payment. Thus, plaintiff is "within the class aggrieved by the alleged unconstitutionality." Mayberry, 63 Ill. 2d at 6.

Next, " '[a] person aggrieved by the application of a legal rule *does not sue the rule maker*- Congress, the President, the United States, a state, *the state's legislature*, the judge who announced the principle of common law. He sues the person whose acts hurt him.' " (Emphasis added.) Illinois Press Assn v. Ryan, 195 Ill. 2d 63, 67 (2001), quoting Quinones v. City of Evanston, Illinois, 58 F.3d 275, 277 (7th Cir. 1995). District 214 submitted the waiver application for the $350 fee and charged plaintiff $350 to enroll in the Driver Education Course. Thus, District 214 is the party whose actions allegedly aggrieved or "hurt" plaintiff. Illinois Press Assn, 195 Ill. 2d at 67. Additionally, plaintiff properly did not bring a cause of action against the General Assembly because "a person aggrieved by the application of a legal rule does

not sue the rule maker." (Emphasis added.) Illinois Press Assn, 195 Ill. 2d at 67, quoting

Quinones v. City of Evanston, Illinois, 58 F.32 at 277..

Furthermore, "[n]either the legislature nor any executive or judicial officer may disregard

the provisions of the Constitution even in case of a great emergency." Jorgensen v. Blagojevich,

211 Ill. 2d 286, 304 (2004), quoting People ex. rel. Lyle v. City of Chicago, 360 Ill. 25, 29

(1935). Since plaintiff is alleging that the law District 214 followed is unconstitutional, we find

that the trial court erred by holding that District 214 is not a proper party defendant.

2. District 214 Was Properly Dismissed

However, our finding that the trial court erred does not end our analysis. If the cause

should be dismissed for other reasons under section 2-615 of the Code, it is our obligation as a

reviewing court to affirm the dismissal. Golf, 376 Ill. App. 3d at 275. When a trial court

dismisses on an improper ground, a reviewing court may affirm the dismissal, if the record

supports a proper ground for dismissal. Raintree Homes, Inc. v. Village of Long Grove, 209 Ill.

2d 248, 261, 262 (2004) (when reviewing a motion to dismiss, we can affirm "on any basis

present in the record"); In re Marriage of Gary, 384 Ill. App. 3d 979, 987 (2008) ("we may

affirm on any basis supported by the record, regardless of whether the trial court based its

decision on the proper ground").

Plaintiff's first claim is that the $350 Driver Education Course fee violated the free

education clause of the Illinois Constitution. Thus, the determining factor is whether drivers

education is covered under the free education clause. The trial court did not make a

determination about whether the Driver Education Course is, or is not, covered by the free

education clause. The plaintiff has provided no authority to show that it was the intent of the

11

framers of our Illinois Constitution to cover drivers' education, nor have they provided us any authority in other jurisdictions to show that drivers education is covered under similar state constitutions. We can find no Illinois authority specifically on the issue of whether a drivers education course is included under the free education clause. To determine whether drivers education is covered by the free education clause of the Illinois Constitution, we must first look at the intent of the framers of our constitution. People v. Caballes, 221 Ill. 2d 282 (2006).

In Hamer v. Board of Education of School District 109, 9 Ill. App. 3d 663 (1973), the Appellate Court, of the Second District, referred to the record of the Constitutional Convention:

"In discussing the proposed new constitutional article pertaining to 'free schools' we find [that an] Educational Committee member stated at page 765:

' *** The first part states that education in the public schools through the secondary level shall be free. This sentence picks up the 1870 Constitutional requirement of free schools. *** However, we recognize that schools are not totally free; through tradition and practice, this has been interpreted to mean tuition-free and not totally free public education, and this is the intent of this third paragraph.'

In response to a query as to what the word 'free' included, the following colloquy took place, as set forth at page 767:

' *** Is it your intention that the word "free" includes anything other than tuition for the elementary and secondary

schools?

MR. FOGAL: You may recall earlier in our committee deliberations we voted tentatively to strike "free" since most of us recognize that we don't have – and as far as I know we have never had – totally free public schools; and we considered that earlier position. We felt that tradition will continue, probably to interpret "free public education" as we always have, and it's open to either provide totally free education, whether you are speaking of book fees, book rentals, or PE equipment, or we can continue as we are now, I don't think we have changed it.' " Hamer, 9 Ill App. 3d at 666, quoting 2 Record of Proceedings, Sixth Illinois Constitutional Convention 765, 767-68..

In Ambroiggio v. Board of Education of School District No. 44, Du Page County, 101 Ill. App. 3d 187 (1981), the Second District again had a similar issue where parents of students sought to enjoin the board of education from charging certain students a fee for use of the school's supervised lunchroom. No student was required to participate in the lunchroom program, but students who resided 0.7 of a mile or less from the school were charged $15 per term for use of the lunchroom, which was used to defray payment of the supervision of the lunchroom by noncertified school personnel. Ambroiggio, 101 Ill. App. 3d at 188, 189. This fee was held not to violate the free education clause because: the lunchroom program was not mandatory; it was elective; it was supervised by noncertified school personnel; and it could not be considered "part of the education process." Although drivers education is also not mandatory

13

and it is an elective course, it is supervised by teaching personnel and certainly distinguishable from a lunchroom program.

When the framers of our Illinois Constitution stated that "[e]ducation in public schools through the secondary level should be free," we do not believe that they meant all courses offered should be free. Ill. Const. 1970, art. X, §1. When they talked about tuition-free, they were " 'speaking of book fees, book rentals and PE equipment.' " Hamer, 9 Ill. App. 3d at 666, quoting 2 Record of Proceedings, Sixth Illinois Constitutional Convention 768. There was no reference to drivers education. The Supreme Court of New Mexico held that drivers education is an elective course and that reasonable fees can be charged. Norton v. Board of Education of School District No. 16, 89 N.M. 470, 553 P.2d 1277 (1976). "The reasoning of Illinois cases as well as those from other jurisdictions distinguish educational services, which must be provided to students tuition-free, from noneducational services and school supplies for which reasonable charges may properly be assessed." Ambroiggio, 101 Ill. App. 3d at 189, citing Sneed v. Greensboro City Board of Education, 299 N.C. 609, 611 n.1, 264 S.E.2d 106, 109 n.1 (1980); Granger v. Cascade County School District No. 1, 159 Mont. 516, 499 P.2d 780 (1972).

In Granger, the Supreme Court of Montana affirmed a lower court ruling that drivers education fees were not covered under Montana's similar free education clause of its constitution, stating:

> "We believe that the controlling principle or test should be stated
> in this manner: Is a given course or activity reasonably related to a
> recognized academic and educational goal of the particular school system?
> If it is, it constitutes part of the free, public school system commanded by

14

Art. XI, Sec. 1 of the Montana Constitution and additional fees or charges

cannot be levied, directly or indirectly against the student or his parents.

If it is not, reasonable fees or charges may be imposed.

In this manner a degree of flexibility is insured. The school

district may thus define its own academic and educational goals and the

courses and activities that will carry credit toward graduation within the

limits provided by law. At the same time, the individual student has the

freedom of choice, within the limits of the educational framework so

established, to pursue a course of study, directed toward business, a trade,

college preparatory, commercial, secretarial, or some other goal without

regard to his financial ability to pay additional fees or charges." Granger,

159 Mont. at 527-28, 499 P.2d at 786.

The Court of Appeals of Georgia also affirmed a lower court's ruling that driver's

education fees were not covered under Georgia's similar free education clause of its constitution

when the driver's education program was offered after hours, but provided no guidance for

drivers education offered during school hours. Kristen National, Inc. v. Board of Education, 250

Ga. App. 488, 493, 552 S.E. 2d 475, 479 (2001). We have yet to find any authority in other

jurisdictions that hold that driver's education is covered by free education provisions of similar

constitutional provisions to Illinois.

In addition, we look at the School Code (105 ILCS 5/27-23 (West 2008)), which states in

relevant part:

"Subject to rules of the State Board of Education, the district may charge a

15

reasonable fee, not to exceed $50, to students who participate in the course, unless a student is unable to pay for such a course, in which event the fee for such a student shall be waived. The total amount from driver education fees and reimbursement from the State for driver education must not exceed the total cost of the driver education program in any year and must be deposited into the school district's driver education fund as a separate line item budget entry. All moneys deposited into the school district's driver education fund must be used solely for the funding of a high school driver education program approved by the State Board of Education that uses [driver education] instructors certified by the State Board of Education." (Emphasis added.) 105 ILCS 5/27-23 (West 2008).

Since the School Code provides that "the school district may charge a reasonable fee," the language of the statute must be given its plain and ordinary meaning, which illustrates that it was never intended to be free. Rosewood Care Center, Inc. v. Caterpillar, Inc., 226 Ill. 2d 559, 567 (2007).

Although we hold today that driver's education is not covered by the free education clause, this does not mean that other elective courses are also excluded.

In sum, the $350 Drivers Education Course fee did not violate the free education clause of the Illinois Constitution and the plaintiff's complaint against District 214 was properly dismissed with prejudice.

### 3. The State Board Was Not Proper Party

Plaintiff's second claim is that the State Board's submission of District 214's waiver application to the General Assembly was a violation of the State Board's obligations under

section 252.30(a)(3) of title 23 of the Illinois Administrative Code.  Section 252.30(a)(3) states:

> "The district may charge a reasonable fee – not to exceed the amount specified in section 27-23 of the School Code – to students who participate in a driver education course approved in accordance with this Part.  No other fee or portion thereof shall be charged to students and attributed to the driver education course.  As used in this Part, "reasonable fee" means a fee calculated by dividing the sum of documented annual district costs for items such as instructional materials (if not included in the district's textbook rental fee), the cost of driver education cars, car maintenance costs, fuel, and insurance by the number of students enrolled or participating in the driver education course. *The district's costs used in this calculation shall not include any portion of the salaries or benefits of school district personnel.* "
>
> (Emphasis added.) 23 Ill. Adm. Code § 252.30(a)(3), amended at 32 Ill. Reg. 10935, eff. July 7, 2008).

As noted, District 214's waiver application listed expenditures for "Teacher Salaries" and for "Benefits" which were used in its calculation outlining the need to raise the Driver Education Course fee from $50 to $350.  Thus, plaintiff claims that the State Board's submission of District 214's waiver request to the General Assembly was a violation of the State Board's obligations under section 252.30(a)(3) because the "calculation shall not include any portion of the salaries or benefits of school district personnel."  23 Ill. Adm. Code § 252.30(a)(3), amended at 32 Ill.

No. 1-09-2746

Reg. 10935, eff. July 7, 2008. The State Board claims that its statutory obligation under the Waiver Provision was only to review District 214's waiver application for "completeness," which did not include consideration of section 252.30(a)(3) of the code.

In relevant part to plaintiff's second cause of action, the Waiver Provision states:

"The application as submitted to the State Board of Education shall include a description of the public hearing. The description shall include, but need not be limited to, the means of notice, the number of people in attendance, the number of people who spoke as proponents or opponents of the waiver, a brief description of their comments, and whether there were any written statements submitted. *The State Board shall review the applications and requests for completeness and shall compile the requests in reports to be filed with the General Assembly.*" (Emphasis added.) 105 ILCS 5/2-3.25g (d) (West 2008).

Plaintiff alleges that section 252.30(a)(3) required the State Board to reject the waiver application and refuse to submit it to the General Assembly. Again, the State Board claims its obligations under the Waiver Provision are explicitly provided for and section 252.30(a)(3) is not mentioned, nor alluded to. The State Board claims, and the record indicates, that both the State Board and District 214 accurately followed every single stated requirement listed throughout the Waiver Provision. Plaintiff does not challenge this contention.

Accordingly, we must determine whether the Waiver Provision compels the State Board to act outside its specifically mentioned duties. In determining, the language of the Waiver

18

No. 1-09-2746

Provision "must be given its plain and ordinary meaning." Illinois Power Co. v. Mahin, 72 Ill. 2d 189, 194 (1978). "If legislative intent can be ascertained from the statute's plain language, that intent must prevail without resort to other interpretive aids." Paris v. Feder, 179 Ill. 2d 173, 177 (1997) citing People v. Fitzpatrick, 158 Ill. 2d 360, 364-65 (1992). The State Board's requirements under the Waiver Provision are explicit and simple: "The State Board shall review the applications and requests for completeness and shall compile the requests in reports to be filed with the General Assembly." 105 ILCS 5/2-3.25g (d) (West 2008). The plain and ordinary meaning of the Waiver Provision requires the State Board to ensure District 214's proper documentation was in order before submitting the waiver application to the General Assembly.

Moreover, the parties stipulated that "any and all requests to charge a driver's education fee in excess of $50 or renewals of such requests are *acted on solely by the General Assembly* pursuant to [the Waiver Provision]." (Emphasis added.) Thus, both a plain and ordinary reading of the Waiver Provision and the stipulations of the parties conclusively show that the State Board was not required to consider section 252.30(a)(3), and the decision on the merits of District 214's waiver application was a decision to be made solely by the General Assembly.

Accordingly, we agree with the trial court's determination that the State Board "did not have an adequate dispositive role with regard to [the] waiver to warrant bringing them into this action as defendants. Their role was really just to compile waiver requests and send them to the General Assembly." The State Board did not have the obligation to reject District 214's waiver request for anything other than "completeness" (105 ILCS 5/2-3.25g (d) (West 2008)), and this completeness review did not warrant consideration of section 252.30(a)(3). Therefore, we affirm

19

the dismissal of plaintiff's second claim pursuant to section 2-615 of the Illinois Code of Civil Procedure because the State Board is not a proper party defendant.

Plaintiff's third claim is that the State Board violated the free education clause of the Illinois Constitution by submitting District 214's waiver application to the General Assembly. For the reasons stated above, the State Board did not have the obligation to reject District 214's waiver request for anything other than "completeness" (105 ILCS 5/2-3.25g (d) (West 2008)), and this completeness review did not warrant a constitutionality determination. Therefore, we also affirm the dismissal of plaintiff's third claim pursuant to section 2-615 of the Illinois Code of Civil Procedure because the State Board is equally not a proper party defendant here also.

CONCLUSION

For the reasons stated above, we affirm the trial court's dismissal. First, while District 214 was a proper party, the drivers education fee was not covered by the free education clause of the Illinois Constitution; and thus, the district was properly dismissed. Second, the State Board was not a proper party. Thus, both defendants were properly dismissed.

Affirmed.

CAHILL and McBRIDE, JJ., concur.