This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37122

**CIBL, INC. & SUBSIDIARIES,**

Plaintiff-Appellant,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

Defendant-Appellee,

**IN THE MATTER OF THE PROTEST TO DENIAL OF REFUND ISSUED UNDER LETTER ID NO. L00325805488.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Chris Romero, Hearing Officer**

Domenici Law Firm, P.C.
Pete Domenici, Jr.
Reed Easterwood
Albuquerque, NM

Robert M. Fiser, Attorney at Law, P.C.
Robert M. Fiser
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
David Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**DUFFY, Judge.**

**{1}** CIBL, Inc. & Subsidiaries (Taxpayer) appeals after its claim for tax refund was denied as untimely by the New Mexico Taxation and Revenue Department (the Department). In Taxpayer's protest, the administrative hearing officer granted summary judgment in favor of the Department on the basis that Taxpayer had failed to submit required information—an amended tax return—before the statute of limitations ran. Because Taxpayer complied with all of the statutory requirements for submitting a claim for tax refund before the limitations period expired, we conclude its claim was timely and reverse the hearing officer's contrary decision.

**BACKGROUND**

**{2}** To place the hearing officer's ruling and the parties' positions in context, we briefly describe the relevant statutory and regulatory provisions in effect at the time of this protest. Under New Mexico's Tax Administration Act, NMSA 1978, §§ 7-1-1 to -83 (1965, as amended through 2020), a taxpayer has three years to file a written claim for refund. *See* § 7-1-26(A), (D)(1) (2015). Section 7-1-26(A) (2015) further provides that "a refund claim shall include" the following five pieces of information:

> (1) the taxpayer's name, address and identification number;

> (2) the type of tax for which a refund is being claimed, the credit or rebate denied or the property levied upon;

> (3) the sum of money or other property being claimed;

> (4) with respect to a refund, the period for which overpayment was made; and

> (5) a brief statement of the facts and the law on which the claim is based, which may be referred to as the "basis for the refund".

**{3}** At issue in this appeal is an additional, sixth requirement found in the Department's administrative regulation governing claims for refunds: that the taxpayer submit "a copy of the appropriate, fully completed amended return for each period for which a refund is claimed." 3.1.9.8(E) NMAC (stating that the "information sufficient to allow processing of a claim" includes the five items enumerated in Section 7-1-26(A) (2015) as well as the added requirement of an amended return). The regulation specifies that "[a] written claim for refund is timely if it meets the requirements for validity of 3.1.9.8[(E)] NMAC and is transmitted, delivered or mailed to the [D]epartment prior to the expiration of the statutory time limits in Section 7-1-26[.]" 3.1.9.8(C) NMAC; *see also* 3.1.9.8(D) NMAC (stating that "[a] claim for refund is *valid* if it states the nature of the complaint and affirmative relief requested" and contains the six pieces of information

collectively enumerated in the statute and 3.1.9.8(E) NMAC (emphasis added));
3.1.9.8(F) NMAC (stating that "[a] claim that does not include the information required
by [the regulation] is *invalid*" and "becomes valid *only at the time the claim is re-
submitted or the required information is supplied*" (emphases added)).

**{4}** Turning to the case at hand, the parties agree that the statutory deadline for
Taxpayer's claim ran on December 31, 2016. The Department also conceded at the
hearing that Taxpayer's claim, filed on December 8, 2016, met the five requirements set
forth in Section 7-1-26(A) (2015) listed above. The Department contends, however, that
Taxpayer's claim was nonetheless untimely because Taxpayer did not file an amended
return as required by 3.1.9.8(E)(6) NMAC until *after* the limitations period ran and
denied Taxpayer's claim on that basis.[1] After Taxpayer filed a formal protest of the
Department's decision, the Department filed a motion for summary judgment on the
statute of limitations issue. The administrative hearing officer agreed with the
Department, writing that "[s]ince Taxpayer failed to request a refund in conformity with
the statute, as implemented by the regulation, before the expiration of its rights under
the statute of limitations, its claim for refund is barred[,]" and granted summary judgment
in favor of the Department.

**DISCUSSION**

**{5}** On appeal, Taxpayer contends the hearing officer erred in concluding that the
regulation can operate to bar a claim that otherwise complies with the statute. The issue
is one of statutory interpretation, which we review de novo. *Chevron U.S.A., Inc. v.
State of N.M. ex rel. Tax'n & Revenue Dep't*, 2006-NMCA-050, ¶ 13, 139 N.M. 498, 134
P.3d 785 (stating that "legal conclusions and statutory interpretation are questions of
law, subject to de novo review"). Pursuant to Section 7-1-25(C), we may set aside the
hearing officer's decision if, among other reasons, it is "not in accordance with the law."
Section 7-1-25(C)(3). Although "we give some deference to the hearing officer's
reasonable interpretation and application of the statute[,]" this Court is not bound by the
agency's interpretation of the law, and we may substitute our own independent
judgment for that of the agency. *GEA Integrated Cooling Tech. v. N.M. Tax'n &
Revenue Dep't*, 2012-NMCA-010, ¶ 5, 268 P.3d 48.

**{6}** The hearing officer, after engaging in a two-step analysis, concluded that 3.1.9.8
NMAC properly implemented Section 7-1-26 (2015). In arriving at this determination, the
hearing officer first evaluated the plain language of Section 7-1-26 (2015) and
concluded the statute does not preclude the Department from implementing additional
requirements by regulation. *See Wood v. State of N.M. Educ. Ret. Bd.*, 2011-NMCA-
020, ¶ 12, 149 N.M. 455, 250 P.3d 881 (observing that "the guiding principle in statutory
construction requires that we look to the wording of the statute and attempt to apply the

---

[1]After receiving Taxpayer's December 2016 claim for refund, the Department responded on February 10,
2017, and requested that Taxpayer submit an amended return for the tax year associated with its claim
(2012). Taxpayer promptly did so about ten days later. On March 7, 2017, the Department notified
Taxpayer that its claim for tax refund had been reviewed and denied because it was untimely.

plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation" (internal quotation marks and citation omitted)). Although the hearing officer acknowledged "the statute does not specifically require the submission of an amended tax return as part of a claim for refund[,]" he reasoned that "there is also no indication from the statute that its list is intended to be exhaustive or definite, or that the Department is prohibited from establishing additional requirements." In particular, the hearing officer noted that the Legislature prefaced its list of five requirements by saying "a refund claim shall include," and the hearing officer interpreted the Legislature's use of "include" to mean "that other items were includable, although not specifically enumerated."

**{7}** The hearing officer then turned to the Department's authority to promulgate regulations that "interpret or exemplify" the law. *See* NMSA 1978, § 9-11-6.2(B)(1) (2015) (stating that the secretary of the Department may issue regulations that interpret and exemplify the statutes to which they relate). Citing authority from this Court and our New Mexico Supreme Court, the hearing officer stated that the Department's authority to regulate is limited only to the degree that (1) a regulation cannot add a requirement or impose a limitation that would abridge or modify a statute, *Rainbo Baking Co. of El Paso, Tex. v. Comm'r of Revenue*, 1972-NMCA-139, ¶¶ 10-12, 84 N.M. 303, 502 P.2d 406, and (2) the Department may not enact a requirement that is "unreasonable or irrelevant," *Gonzales v. N.M. Educ. Ret. Bd.*, 1990-NMSC-024, ¶ 10, 109 N.M. 592, 788 P.2d 348. Focusing exclusively on the second limitation, the hearing officer determined that 3.1.9.8 NMAC is reasonable and relevant because it is designed to minimize the potential for errors and promote efficiency, and ultimately, that the regulation is a "proper implementation of the law."

**{8}** Although Taxpayer argued below that the regulation constitutes an improper expansion of the Department's authority in violation of the principles discussed in *Rainbo*, there is no indication in the decision and order that the hearing officer considered whether the regulation abridges or modifies a taxpayer's right to claim a refund under Section 7-1-26 (2015), or more generally, whether there is a conflict or inconsistency between the statute and the regulation. *See Jones v. Emp. Servs. Div. of Human Servs. Dep't*, 1980-NMSC-120, ¶ 3, 95 N.M. 97, 619 P.2d 542 ("If there is a conflict or inconsistency between statutes and regulations promulgated by an agency, the language of the statutes shall prevail. An agency by regulation cannot overrule a specific statute."); *N.M. Bd. of Pharmacy v. N.M. Bd. of Osteopathic Med. Exam'rs*, 1981-NMCA-034, ¶ 8, 95 N.M. 780, 626 P.2d 854 ("An administrative agency has no power to create a rule or regulation that is not in harmony with its statutory authority."). Taxpayer renews its argument on appeal.

**{9}** We may conclude a statute and regulation are in conflict or inconsistent when they address the same subject matter but produce different results. *See State v. Bowden*, 2010-NMCA-070, ¶¶ 10-12, 148 N.M. 850, 242 P.3d 417 (evaluating an inconsistency in the admissibility of blood draw evidence under a statute and a regulation and concluding the statute prevails). In this case, the inconsistency is

evident. Both Section 7-1-26(A) (2015) and 3.1.9.8(E) NMAC address the same issue—the information required to submit a timely claim for refund—but vary in their requirements. Under the circumstances presented in this case, they provide for different results where one is followed over the other. For this reason, and because the regulation has the effect of abridging Taxpayer's right to pursue a claim for refund under Section 7-1-26 (2015), the language of the statute must prevail. *See Jones*, 1980-NMSC-120, ¶ 3; *Rainbo Baking Co.*, 1972-NMCA-139, ¶¶ 10-12. Consequently, because Taxpayer's claim complied with the requirements of Section 7-1-26(A) (2015), we conclude it was timely. *See Rainbo Baking Co.*, 1972-NMCA-139, ¶ 10 ("If the rule were otherwise, regulations of administrative agencies could nullify laws enacted by the Legislature.").

**{10}** The Department continues to argue on appeal that it has authority to promulgate regulations to implement tax acts, and the Department asserts that the statute and the regulation at issue here are consistent and readily harmonized.[2] *Romero v. Laidlaw Transit Servs., Inc.*, 2015-NMCA-107, ¶ 20, 357 P.3d 463 ("Administrative regulations should be construed in harmony with related statutory provisions if possible."). However, the Department did not address or otherwise attempt to resolve the inconsistency identified by Taxpayer. And to the extent the Department argues that we should affirm summary judgment in its favor because Taxpayer did not timely provide "the basis for the refund" as required by Section 7-1-26(A)(5) (2015), the Department's previous concession that Taxpayer had satisfied the all of the statutory requirements "constitute[s] a waiver of its right to present the issue[.]" *Kaiser Steel Corp. v. Revenue Div., Tax'n & Revenue Dep't*, 1981-NMCA-042, ¶ 7, 96 N.M. 117, 628 P.2d 687 (citation omitted); *see id.* (stating that "[a] party will not be permitted to change his theory of the case on appeal; this principle applies on review by courts of administrative determinations so as to preclude from consideration questions or issues which were not raised in the administrative proceedings").

**{11}** Finally, we note that after Taxpayer filed its claim for refund, the Legislature resolved the conflict between the language of Section 7-1-26(A) (2015) and the language of 3.1.9.8(E) NMAC by adding a sixth requirement to the statute, requiring the submission of an amended return (if applicable). *See* § 7-1-26(A)(6) (2017). As a result, today the six requirements listed in Section 7-1-26(A) and the six requirements listed in 3.1.9.8(E) NMAC are identical. The Department has not advocated that the Legislature's change to Section 7-1-26(A) applies retroactively, and we see no basis for retroactive application here.

**CONCLUSION**

---

2The Department also argues that the "[a]dministrative gloss doctrine fixed [3.1.9.8(E) NMAC] as a legislative enactment." Because the Department has not argued, and we have not concluded, that Section 7-1-26(A) (2015) is ambiguous, we do not reach the Department's argument that an administrative gloss should affect our statutory interpretation. *See Baker v. Hedstrom*, 2012-NMCA-073, ¶ 38, 284 P.3d 400 ("[T]he canon of administrative gloss is applicable only where the provision giving rise to the dispute is ambiguous."), *aff'd on other grounds*, 2013-NMSC-043, 309 P.3d 1047.

**{12}**   For the foregoing reasons, we conclude Taxpayer's claim for tax refund was timely filed under Section 7-1-26(A) (2015) and reverse the hearing officer's decision. We remand for further proceedings consistent with this opinion.

**{13}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**